### 29985. SCHWOB MANUFACTURING COMPANY v. HUIET, commissioner.

SUTTON, J. 1. While upon equitable principles the legal entity of a corporation may be disregarded when it is the mere alter ego or business conduit of an individual, or when the motion of its legal entity is used to defeat public conveniences, justify wrong, protect fraud, or defend crime (1 Fletcher's Cyc. Cor. 135), still it is the general rule that although one person owns all the stock of a corporation, he and the corporation are in law two separate and distinct persons. *Shingler* v. *Shingler*, 184 *Ga.* 671, 672 (3) (192 S. E. 824); *Independent Gasoline Co.* v. *Bureau of Unemployment Com.*, 190 *Ga.* 613, 614 (10 S. E. 2d, 58). This is true also in respect to tax problems. New Colonial Co. v. Helvering, 292 U. S. 435 (5) (54 Sup. Ct. 788, 78 L. ed. 1348).

2. The commissioner of the Department of Labor brought suit against the defendant corporation, to recover an amount alleged to be a balance due as contribution for the year 1942 to the unemployment compensation fund. The defendant admits that the rate of contribution to be paid by it for the year 1942, as required by law, is the standard rate of 2.7 per centum on its pay-roll, and that the amount sued for is correct and due, unless it is entitled to a reduction in the rate because of benefit experience, which would make its net rate of contribution 1.75 per centum on annual pay-roll, contending that it is entitled to a reduction by reason of the following facts: On December 31, 1941, the computation date here involved, the defendant corporation had been an employer, as defined by the unemployment compensation law, since August 1, 1940, having on that date acquired by purchase from a named individual "the entire organization, trade, and assets of the manufacturing business theretofore carried on" by him, and which business he had operated continuously since 1914, including the period from January 1, 1939, to the date of purchase by the defendant corporation. From January 1, 1939, to August 1, 1940, the individual, as an employer defined in the act, paid all contributions required of him by law, and after the organization of the corporation he, as owner of about eighty-five per centum of its stock, dominated, directed, and supervised the affairs of the corporation, it being devoted to the same type of manufacturing as the individual had been engaged in, and having taken over his entire personnel; and it is contended that the corporation is entitled to have the benefit experience of the individual combined with its own for the three-year period ending December 31, 1941, to determine the

proper rate of contribution for the year 1942, the individual being in effect the alter ego of the corporation. *Held:* While under the unemployment compensation law of this State (Ga. L. 1937, p. 806, as amended by the act of 1941 (Ga. L. 1941, p. 532) ; Code, § 54-601 et seq., cumulative pocket part to annotated Code of 1933) an employer is entitled to a reduction from the standard contribution rate of 2.7 per centum where the amount he pays into the unemployment fund exceeds the amount of benefits paid out to persons temporarily out of work ' and formerly employed by him, the calculation as to the reduced rate to be made as provided in the act (section 7(c) ; Code, § 54-622, cumulative pocket part to annotated Code of 1933), under the principles of law stated in the first headnote above the defendant corporation was not, for the purpose of computing the rate of contribution applicable to it for the year 1942, entitled, during the three-year period ending December 31, 1941, to have the benefit experience of the individual combined with its own. Accordingly, the judge to whom the case was submitted without a jury, on an agreed statement of facts, did not err in rendering judgment for the plaintiff, the commissioner of the Department of Labor, for the amount sued for as the balance alleged to be due by the defendant as contributions for the year 1942.

*Judgment affirmed. Stephens, P. J., concurs. Felton, J., concurs specially.*

DECIDED MARCH 19, 1943. REHEARING DENIED APRIL 1, 1943.

*R. M. Arnold,* for plaintiff in error.
*A. L. Henson, Clifford Walker, Otis L. Hathcock,* contra.