34301. CONDENSER SERVICE & ENGINEERING COMPANY INC. *v.* BRUNSWICK PORT AUTHORITY.

DECIDED JANUARY 28, 1953.

Reese, Bennet & Gilbert, for plaintiff in error.
Gowan, Conyers, Fendig & Dickey, contra.

FELTON, J. ■ None of the counts is subject to the general or special demurrers insofar as the allegations of negligence in failing to anticipate the danger from the squall and to guard against it are concerned. The allegations in these counts do not show that the damages resulted from an act of God.

■ The first count is duplicitous, in that it seems to be predicated on two different theories: first, the duty of the defendant as sublessee to exercise ordinary care in using the crane (6 Am. Jur. 404, § 306); and second, the theory of disregarding the separate entities of the defendant and its subsidiary. There is no special demurrer to this count for duplicity, and the count is good as against general demurrer on the first theory above referred to.

■ Count three is also duplicitous but is good against a general demurrer under Code § 105-502. However, count three is subject to the special demurrer aimed at the insufficiency of the allegations to show the control of the defendant over Conseco to establish liability upon the defendant. In order to show such liability, it is necessary, as against a special demurrer, to

allege the retention of the right to control the time and manner of executing the work or actual control over the time and manner of executing the work. See *Mount* v. *Southern Ry. Co.*, 42 *Ga. App.* 546 (156 S. E. 701).

■ Count two is subject to general demurrer. Volumes have been written on the subject of "piercing the corporate veil," etc. Many theories have been advanced as to the reasons why courts should disregard the separate corporate existence of a one-man corporation or a subsidiary corporation. By whatever means the conclusion to disregard corporate entity is arrived at, when it is reached it merely means that under the facts of the case the person or corporation in control of the subservient corporation is held liable for the acts or omissions of the subservient corporation. No hard and fast rule can be laid down, but it seems clear that so long as the law authorizes the formation of subservient corporations, the law would defeat its own purpose by disregarding its own creature merely because a parent corporation, or other sole owner, controls the subsidiary, or one-man corporation, and uses it and controls it to promote his or its ends. This principle has been stated many times. Upchurch Packing Co. *v.* U. S., 53 Fed. Supp. 791, affd., 151 Fed. 2d, 983, cert. denied, 327 U. S. 803; New Colonial Ice Co. *v.* Helvering, 292 U. S. 435 (54 Sup. Ct. 788, 78 L. ed. 1348); *Exchange Bank of Macon* v. *Macon Construction Co.*, 97 *Ga.* 1 (25 S. E. 326, 33 L.R.A. 800); *Newton Mfg. Co.* v. *White*, 42 *Ga.* 148; *Liberty Lumber Co.* v. *Silas*, 181 *Ga.* 774 (184 S. E. 286); *Shingler* v. *Shingler*, 184 *Ga.* 671 (192 S. E. 824); Page *v.* Haverty, 129 Fed. 2d, 512; *Schwob Mfg. Co.* v. *Huiet*, 69 *Ga. App.* 285 (25 S. E. 2d, 149); *Jones* v. *Major*, 80 *Ga. App.* 223 (55 S. E. 2d, 846); *Hollingsworth* v. *Ga. Fruit Growers*, 185 *Ga.* 873 (196 S. E. 766).

Construing count two against the pleader, it alleges that Conseco was dealt with as a separate entity but that it was used by the defendant as an instrument. There are no allegations of fraud or misconduct on the part of either the defendant or Conseco. It is not alleged that there was an ulterior motive existing, or that there was bad faith at any time during the dealings between the parties. It is not alleged that Conseco is insolvent, or that the failure to hold the defendant liable will

result in any injustice due to circumstances in which it would be unconscionable not to hold the defendant liable. We, of course, cannot say in advance what set of facts would require the enforcement of this claim against the defendant. The petition and exhibits show that the plaintiff contracted with Conseco with knowledge of the facts; that it entered into an elaborate contract with Conseco; that the parties entered into a second contract, after difficulties arose about the first one, in which various settlements were agreed upon and in which all business dealings were closed out with the exception of several items and the further agreement that Conseco might use two cranes to complete the salvage of the ship. In these circumstances, we do not think that such a case has been alleged in count two as would authorize a disregard of the conscious and intelligent acts of the parties in dealing with each other as distinct entities. There is no allegation that the incorporation of Conseco was a sham or that it was used to defeat a public convenience, to justify wrong, protect fraud, defend crime, or any other reason which in equity and good conscience would justify the disregard of Conseco's separate entity. See 13 Am. Jur. § 1383, and pocket parts; Fletcher, Cyclopedia Corporations, Vol. 1, chapters 41, 42, 43, 44 and pocket parts; Nadler, Georgia Corporation Law, §§ 60-66; California Law Review, Vol. 14, pp. 12-21; Columbia Law Review, Vol. 12, pp. 496-518; 18 C. J. S. 380, § 7b.

The court did not err in overruling the general demurrers to counts one and three.

The court erred in overruling the general demurrer to count two and in overruling the stated special demurrer to count three. The other demurrers were properly overruled. These errors rendered subsequent proceedings nugatory.

*Judgments affirmed in part and reversed in part. Sutton, C.J., and Worrill, J., concur.*