37142. WYNN *v.* JOHNS.

Decided May 9, 1958.

606

*Tyler, Burns & Tyler, John C. Tyler*, for plaintiff in error.
*Haas, Holland & Blackshear, Richard C. Freeman*, contra.

NICHOLS, Judge. The evidence adduced on the trial of the case authorized a finding by the jury that the plaintiff delivered his automobile to Robert Warren to be washed and paid to have it washed at the time he delivered it to Robert Warren at the plaintiff's place of employment, that the car was then driven by Robert Warren to the defendant's place of business and washed, that en route from the Sparkl Car Wash *back* to the place where the plaintiff was employed the car collided with a bridge support on Butler which collision caused the damages sued for, that the market value of the automobile immediately before the collision was $1,350 and immediately after the collision the market value of such automobile was $150, and that at the time the plaintiff delivered his automobile to Robert Warren to be washed the said Robert Warren had just completed the delivery of another automobile to the plaintiff's employer, it having just been washed by the Sparkl Car Wash. There was also evidence to authorize a finding that the defendant was the proprietor of Sparkl Car Wash, although there was evidence adduced that he had previously *given* the business to LeRoy Williams, and that Robert Warren was the defendant's employee, and had, as a practice, picked up and delivered automobiles for customers who desired to have them washed.

"In all cases of bailment after proof of loss, the burden of proof is on the bailee to show proper diligence." Code § 12-104. Therefore, the evidence adduced on the trial of the case under

the above Code section was sufficient to place the burden upon the defendant of showing proper diligence.

The defendant argues, in support of his contention that he carried the burden of proof of showing that he was not guilty of any negligence, that the testimony of Robert Warren to the effect that the collision with the bridge support was caused by a "blowout" of the left front tire on the plaintiff's automobile, and that such "blowout" was an intervening cause which could not be expected, and that he should not be held liable.

On the trial of the case Robert Warren admitted making contrary statements out of court as to the ownership of "Sparkl Car Wash," and this was one of the relevant matters of his testimony since the ownership of the Sparkl Car Wash was contested. "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. See Code § 38-1803. When testimony has been submitted for the purpose of impeaching a witness in this manner, the weight and credit to be given the testimony of such witness, if any, is for the determination of the jury. See *Huff* v. *State*, 104 *Ga.* 521 (2) (30 S. E. 808)." *Henry* v. *Hoch*, 76 *Ga. App.* 819 (1) (47 S. E. 2d 159).

While the jury would have been authorized to find that the collision was caused by a "blowout," the evidence did not demand such a finding. Therefore, since the verdict for the plaintiff was authorized by the evidence, the trial court did not err in denying the defendant's motion for new trial, based on the usual general grounds, and his motion for a judgment non obstante veredicto.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*