## 57500. FLORIDA SHADE TOBACCO GROWERS, INC. v. DUNCAN et al.

BANKE, Presiding Judge.

The plaintiff sued to recover for damages allegedly done to his unharvested soy bean crop by uninvited cows. The original defendants in the suit were Barry Ottinger and Florida Shade Tobacco Growers, Inc. During the course of the proceedings, it was discovered that the wandering cows were actually owned by Florida Shade Agrico, Inc. Florida Shade Agrico, Inc., is a subsidiary corporation of Florida Shade Tobacco Growers, Inc., both of which are virtually totally owned by Barry Ottinger. By consent of all concerned, Barry Ottinger was dismissed as a defendant and Florida Shade Agrico, Inc., was added. The sole question presented on appeal is whether it was error to allow the jury to find against both defendants. Alternatively stated, the question posed is whether the parent corporation should have been released as a party defendant. *Held:*

Although great caution should be exercised in disregarding or going behind the corporate entity, it may be done when the subsidiary is shown to be the alter ego or business conduit of the parent. However, it must appear that the subsidiary is a mere instrumentality of the parent, "that the separate personalities of the corporation and the owners no longer exist; and to adhere to the doctrine of corporate entity would promote injustice or

protect fraud." *Farmers Warehouse of Pelham v. Collins,* 220 Ga. 141, 150 (137 SE2d 619) (1964). When litigated, the issue of "piercing the corporate veil" is a jury question. *Trans-American Communications v. Nolle,* 134 Ga. App. 457 (214 SE2d 717) (1975).

In the case sub judice, Mr. Ottinger testified that "Florida Shade Agrico, Inc., was formed strictly to deal in agricultural enterprises." The corporation qualified for loans regulated by the Production Credit Administration and the Federal Land Bank which were not available to the more diversified Florida Shade Tobacco Growers, Inc. There is no evidence that Florida Shade Agrico, Inc., "was a sham, or that it was used to defeat a public convenience, to justify wrong, protect fraud, defend crime, or any other reason which in equity and good conscience would justify the disregard of . . . [its] . . . separate entity." *Condensor Serv. &c. Co. v. Brunswick Port Auth.,* 87 Ga. App. 469, 475 (74 SE2d 398) (1953).

The trial court accordingly erred in denying a motion to dismiss Florida Shade Tobacco Growers, Inc., as a defendant in the case.

*Judgment affirmed as to Florida Shade Agrico, Inc. Judgment reversed as to Florida Shade Tobacco Growers, Inc. Underwood and Carley, JJ., concur.*

SUBMITTED MARCH 6, 1979 — DECIDED
MAY 14, 1979.

*Carlisle & Chason, Willard H. Chason,* for appellant.
*Smith & Perry, Ralph C. Smith, Jr.,* for appellees.