### 70996. BOAFO v. HOSPITAL CORPORATION OF AMERICA et al.
(338 SE2d 477)

BIRDSONG, Presiding Judge.

This case is here on appeal of the grant of summary judgment to defendant Hospital Corporation of America (HCA) for failure of appellant to "pierce the corporate veil." The evidence shows the injured party was a patient at Parkway Regional Hospital, where it is alleged she went to give birth and suffered severe and unremedied injury while being administered anesthesia. Appellant sought to show that the hospital was run, operated, and managed by HCA and its wholly owned subsidiary, Medical Center West, Inc.

Upon reviewing the evidence, indulging the appellant in every respect and giving him the benefit of every doubt, as we must on defendant's motion for summary judgment (*Gillis v. Orkin Exterminating Co.,* 172 Ga. App. 507 (323 SE2d 695)), we find the grant of summary judgment was correct. The evidence shows, to the exclusion of any issue of material fact, that Medical Center West was not a "shell" for HCA in operating the hospital, but did fully and, for the most part autonomously, operate and manage the hospital.

The separate identity and existence of Medical Center West was not a "subterfuge" for HCA. The facts show that the two corporations shared some officers, that they jointly purchased the hospital property from bankruptcy receivership, that Medical Center West, Inc. was not incorporated in Georgia until six days after the property was purchased, that HCA owns 100% of the Medical Center West stock, that some officers were paid only by HCA and the hospital administrator was paid by HCA for security reasons while the amount was charged back against Parkway Regional Hospital, that major (not day-to-day) accounting and financial functions are performed by HCA through a national cash management system, that Medical Center West has insurance coverage of the hospital by an insurer who is another wholly owned subsidiary of HCA, that HCA operates a Center for Health Studies which provides non-mandatory educational

seminars for hospitals which is available to Parkway Regional Hospital at less than full cost, that HCA employs a national purchasing director to negotiate purchasing agreements for HCA and subsidiary-owned hospitals but Medical Center West is free to, and does, negotiate its own purchasing contracts if it gets better rates. Assuming for appellant's sake on HCA's motion for summary judgment that all these things are true, they do not alone or all together justify disregarding the separate corporate entity which the law has created. *Condenser Svc. &c. Co. v. Brunswick Port Auth.*, 87 Ga. App. 469 (74 SE2d 398).

There is no issue of fact that Medical Center West is a fully capitalized entity which is insured and which owns the hospital property, autonomously manages and operates the hospital on a day-to-day basis, and maintains its own payroll and employs its own employees. While it is true that it partakes of some services offered by HCA, it is not a "mere instrumentality for the transaction of [HCA's] affairs [and there is no] such unity . . . that the separate personalities of the corporation and the owner no longer exist . . . [cit.]" and recognition of Medical Center West as a separate entity does not "promote injustice or protect fraud." *Williams Plaza v. Sedgefield Sportswear Div.*, 164 Ga. App. 720, 721 (297 SE2d 342). "There is no evidence that [Medical Center West] 'was a sham, or that it was used to . . . justify wrong, protect fraud, defend crime, or any other reason which in equity and good conscience would justify the disregard of . . . [Medical Center West's] separate entity.' " *Florida Shade Tobacco Growers v. Duncan*, 150 Ga. App. 34, 35 (256 SE2d 644).

Appellant argues the superior court erred in its ruling that he must show "fraud, injustice or inequitable consequences" on the part of HCA to prevail, because appellant has made no allegation that HCA acted fraudulently, but rather that its relationship with Medical Center West is such that they should be considered a single entity or such that they are independently liable because HCA exercises control over Medical Center West in hospital management and "there is nothing necessarily fraudulent about this." Appellant misunderstands the basis for looking through the subsidiary corporation to the parent. One reason the law establishes separate corporate identity is so that a corporation *can* hold itself independently apart and insulated from the existence of another related corporation even while it uses the related corporation or controls it to promote its own ends. See *Condenser Svc.*, supra; *Florida Shade Tobacco Growers*, supra. We do not disregard that separate identity unless it serves to "promote injustice or protect fraud" (id. pp. 34-35), for that would defeat the purpose of the law. In this case, for example, there may be very legally sound reasons why HCA, which through ownership of stock of its subsidiaries, it owns hospitals throughout the country, would seek to protect

the parent corporation and the other associated hospitals from the liability which might attach to any one hospital. There is nothing wrong with this purpose unless it promotes fraud, defeats justice, conceals crime, or seeks to evade contractual or tort responsibility. *Hogan v. Mayor &c. Savannah*, 171 Ga. App. 671, 673 (320 SE2d 555). See, e.g., *B. J. Howard Corp. v. Skinner, Wilson & Strickland*, 172 Ga. App. 180 (322 SE2d 306). As a matter of fact, no contractual or tort liability in the circumstances of this case attends HCA's part ownership of the hospital property or any of the services it performs for Medical Center West; Medical Center West is fully capitalized and can sustain its own liability. As appellant himself concedes, there is nothing necessarily fraudulent about HCA's separate identity. Assuming that all the means of sustaining independent identity indicated in *Cornwell v. Williams Bros. Lumber Co.*, 139 Ga. App. 773 (229 SE2d 551) were absent here, still no basis exists for disregarding HCA's separate identity unless its ulterior motive or purpose is to promote fraud and injustice or defeat a public convenience. No such evidence exists in this case.

The trial court correctly granted summary judgment to appellee HCA.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED NOVEMBER 12, 1985 —
REHEARING DENIED NOVEMBER 27, 1985 — 

*Frank J. Klosik, Jr., Jeffrey F. Leasendale, Hunter S. Allen, Jr.*, for appellant.

*James F. Cook, Jr., Samuel P. Pierce, Larry K. Butler*, for appellees.