73694. BRUNSWICK MANUFACTURING COMPANY, INC. et al.
v. SIZEMORE et al.
(359 SE2d 180)

McMURRAY, Presiding Judge.

Plaintiffs are former employees of defendant Brunswick Manufacturing Company, Inc. ("Brunswick"). Also named as defendants are L & M Holding Company and Kaper-Jac, Inc., both of whom are corporations closely related to Brunswick. Individual defendants are Levine, vice president and part-owner either as a shareholder or through a parent corporation of each of the corporate defendants, and Gettinger, the former plant manager for Brunswick. For earlier appeals in this case see *Brunswick Mfg. Co. v. Sizemore*, 176 Ga. App. 838 (338 SE2d 288).

Plaintiffs' recast complaint alleged that defendants were indebted to the plaintiffs for certain compensation earned but not paid.

The amount alleged as due on behalf of each plaintiff was a "bonus" or "vacation pay" to be paid on the 15th day of December each year in an amount equal to six percent of each plaintiff's gross pay during the year. In October of 1982, Brunswick closed its plant at which plaintiffs were employed and they were terminated. Plaintiffs allege that their inquiry as to when they would receive the sums at issue was answered with the response that funds were not available from which to pay plaintiffs the sum owed.

Upon the trial of the case sub judice, the jury returned verdicts in favor of plaintiffs against the three corporate defendants only. Plaintiffs were awarded actual damages, interest and expenses of litigation. The corporate defendants appeal. *Held*:

Insofar as Brunswick is concerned the evidence is uncontroverted and clear that plaintiffs are owed the compensation at issue. Contrary to the suggestion that the sums at issue were merely a customary gratuitous payment, both of the individual defendants acknowledge a contractual obligation of Brunswick to make these payments.

The primary issue presented is whether the jury was authorized to pierce the corporate veil so as to hold defendants L & M Holding Company and Kaper-Jac, Inc. liable for the debt of Brunswick. "The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party 'has over extended his privilege in the use of a corporate entity in order to defeat justice, perpetuate fraud or evade contractual or tort responsibility.' *Kelley v. Austell Bldg. Supply*, 164 Ga. App. 322, 326 (3) (297 SE2d 292). See also *Bone Constr. Co. v. Lewis*, 148 Ga. App. 61, 63 (4) (250 SE2d 851); *Fla. Shade Tobacco Growers v. Duncan*, 150 Ga. App. 34, 35 (256 SE2d 644). The question of whether the corporate entity should be disregarded depends upon the particular circumstance of each case. *Midtown Properties v. George F. Richardson, Inc.*, 139 Ga. App. 182, 185 (4) (228 SE2d 303)." *Hogan v. Mayor & Aldermen of Savannah*, 171 Ga. App. 671, 673 (3) (320 SE2d 555).

In the case sub judice there are some inconsistencies in the evidence as to the ownership of the corporate defendants. However, the range of the evidence may be encompassed by stating that each corporate defendant was owned by one or a combination of the following: Playland Industries, a closely held non-party corporation; a subsidiary of Playland Industries; or one or more of the three individuals (including defendant Levine) who were shareholders of Playland Industries.

Plaintiffs contend that the assets of Brunswick were "being bled from the corporation" by the other two corporate defendants. This contention, if proven, would of course authorize the jury verdict piercing the corporate veil. *Trans-American Communications v. Nolle*, 134 Ga. App. 457, 458 (1 (a)), 460 (214 SE2d 717). However, the fact that

Brunswick provides and partakes of services offered or required by related corporations is not alone a sufficient basis for piercing the corporate veil where there is no evidence that Brunswick, " ' "was a sham, or that it was used to . . . justify wrong, protect fraud, defend crime, or any other reason which in equity and good conscience would justify the disregard of . . . [Brunswick's] separate entity." ' *Florida Shade Tobacco Growers v. Duncan*, 150 Ga. App. 34, 35 (256 SE2d 644)." *Boafo v. Hosp. Corp. of America*, 177 Ga. App. 75, 76 (338 SE2d 477). Defendant Levine testified that: "We never mixed up funds. Whenever Brunswick Manufacturing did something for the other division, there was an invoice made. Things are always handled — we always had intercompany checks paying one for the other. Everything was kept separate and distinct." However, in the posture the case sub judice reaches this court, the issue presented is whether there is any evidence to the contrary so as to authorize the jury's verdict. *American Game &c. Music Svc. v. Knighton*, 178 Ga. App. 745 (1) (344 SE2d 717).

The primary evidence presented by plaintiffs in regard to the ownership, operations and business practices of the defendant corporations and the related non-party corporation Playland Industries was through the cross-examination of the individual defendants. In the course of cross-examining the individual defendants, plaintiffs' counsel attempted to impeach these witnesses by showing previous contradictory statements. Plaintiffs' counsel having established the prior contradictory statements in compliance with OCGA § 24-9-83, the credibility of the individual defendants became a question for the jury. OCGA § 24-9-85; *Travelers Ins. Co. v. Miller*, 104 Ga. App. 554 (2 (a)) (122 SE2d 268); *Wynn v. Johns*, 97 Ga. App. 605 (1 (b)) (104 SE2d 150). The jury was authorized to believe a part and disbelieve other parts of the testimony of the witnesses. *Atlantic Coast Line R. Co. v. Heyward*, 82 Ga. App. 337, 338 (4 (b)) (60 SE2d 641). We must view the testimony of the two individual defendants in the light most favorable to sustaining the verdict. *American Game &c. Svc. v. Knighton*, 178 Ga. App. 745 (1), supra. In view of the possible impeachment of these witnesses, the evidence may be viewed as showing that revenue from the sales of Brunswick were deposited to the account of Kaper-Jac, Inc. and thence to L & M Holding, Inc. Evidence of such depletion of the assets of Brunswick authorized the jury's verdict against the corporate defendants.

We find no error in the award of expenses of litigation. In view of the uncontradicted evidence that the plaintiffs were entitled to the compensation they sought, there clearly was no bona fide controversy and forcing plaintiffs to resort to the courts in order to collect is plainly causing them unnecessary trouble and expense. OCGA § 13-6-11; *Matthews v. Neal, Greene & Clark*, 177 Ga. App. 26, 29 (4) (338

SE2d 496); *Franchise Enterprises v. Ridgeway*, 157 Ga. App. 458, 460 (2) (278 SE2d 33).

Judgment affirmed. *Sognier and Beasley, JJ., concur.*

DECIDED JUNE 16, 1987 —
REHEARING DENIED JULY 1, 1987.

*Ivan H. Nathan,* for appellants.
*John T. McKnight, Jr., Neal G. Gale,* for appellees.