S89A0046. ESPY v. THE STATE.
(385 SE2d 659)

HUNT, Justice.
Charles Leon Espy, Jr., was tried by a jury, convicted of the murder of his stepfather, David Morgan, and sentenced to life imprison-

ment.[1] He appeals, contending the trial court erred by failing to charge the jury on the offense of voluntary manslaughter and by permitting the jury to view the pickup truck in which the victim's body was discovered.

The victim was a self-employed truck repairman and his body was discovered in his wrecked truck. Although the death was initially determined to be an accident, law enforcement authorities conducted an investigation when they learned there was no damage to the interior of the truck which would correspond to the wounds on the victim's head. Subsequently, the defendant gave a statement admitting he killed the victim. The state indicted the defendant along with his mother and his brother-in-law, on the theory of conspiracy to murder the victim for insurance benefits. In his initial statement to the authorities, the defendant said he had been sexually abused by the victim for eight years, that he had fallen asleep while accompanying the victim on a service call in the victim's truck, awoke to find the victim about to sexually abuse him, struck the victim several times with a wrench, and left the truck to roll to the location where it was found. At trial, the defendant testified differently, stating that, after striking the victim, the defendant got out of the truck and opened the passenger side to see if the victim was alive. At that point the victim pulled out a gun and pointed it at the defendant, the defendant hit the victim in self-defense, then started to drive the truck home but jumped out in fear for his life when he saw the victim move. The gun was not found when the truck was searched following the accident, but the defendant pulled it from the center of the seat when he looked in the truck shortly after the vehicle had been searched by law enforcement personnel. A witness for the state testified that the defendant and his .co-defendant brother-in-law had stated, prior to the discovery of the gun, they needed to get the gun back in the truck and should not have taken it out. The state also presented evidence that the victim intended to divorce the defendant's mother and marry a girl friend, that the defendant had stated he would kill the victim if the victim left the defendant's mother and that, shortly before the murder, the defendant's mother had purchased, and then increased the amount of, insurance on the victim's life. Several witnesses for the state testified of unusual circumstances surrounding the victim's death, including the fact that the victim's cap, which he always wore, and his mobile

---

[1] The murder was committed on December 15, 1986. The defendant was indicted on November 5, 1987. The jury returned its verdict on August 13, 1988, and the defendant was sentenced the same day. The defendant's motion for new trial, filed August 18, 1988, and amended April 19, 1989, was denied on April 19, 1989. The transcript was certified by the court reporter on May 16, 1989, and the appeal was docketed in this court on May 26, 1989. The case was submitted for decision without argument on July 7, 1989.

phone, which he kept with him at all times, were not in the truck, and that the victim's long underwear were bloodier than his pants and there was a greater concentration of blood on the inside of his pants, suggesting the victim was already dead when the pants were placed on his body. The jury found the defendant guilty of murder but acquitted his mother and brother-in-law.

1. We have reviewed the evidence in the light most favorable to the jury's determination, and conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court properly refused to instruct the jury on the offense of voluntary manslaughter. The defendant's sole defense was self-defense. He testified on direct and cross-examination that he struck the victim in self-defense and not because he was provoked in any way. There was no evidence that the defendant, in striking the victim, acted "solely as the result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a); *Saylors v. State*, 251 Ga. 735, 736 (2) (309 SE2d 796) (1983).

3. The defendant contends the trial court erred by permitting the jurors to view the victim's pickup truck. Contrary to the defendant's argument, the state made a sufficient showing that the condition of the truck was substantially the same as it was at the time of the murder. The defendant also argues error because some of the jurors looked inside the truck cab and tool boxes and touched the truck. However, when the defendant raised these objections following the view of the truck, the trial court gave the limiting instructions requested by the defendant and, when given the opportunity to do so, the defendant made no further objections and requested no further action on the part of the trial court. Thus, any error as alleged is waived. We find no abuse of discretion by the trial court in allowing the jury to view the truck. *Forney v. State*, 255 Ga. 316, 320 (7) (338 SE2d 252) (1986).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 1989.

*William P. Slack,* for appellant.
*Ralph Van Pelt, Jr.,* District Attorney, *Michael J. Bowers,* Attorney General, *Leonora Grant,* for appellee.