A96A0382. POPE v. PROFESSIONAL FUNDING CORPORATION.
(472 SE2d 116)

RUFFIN, Judge.

Professional Funding Corporation ("Professional Funding") sued Total Care, Inc. and its stockholders, including Lonnie Pope, for conversion and breach of contract. Pope appeals from a judgment entered on jury verdicts rendered against him. The jury found Professional Funding had pierced the corporate veil and held Pope responsible for the debts of his corporation. It also found Pope had converted funds belonging to Professional Funding for his corporation's benefit. We affirm these verdicts and find no error in the admission of evidence sufficient to reverse the trial court. Because Professional Funding did not elect between its contractual and tort remedies, however, we reverse the judgment and remand for that election to be made.

Pope was a financial manager of and a stockholder in Total Care, a corporation he helped establish as part of a business providing medical and chiropractic services to patients. Total Care's two major shareholders, Drs. Ron Clark and Jose Arroyo, were also major shareholders with Pope in two related corporations: Total Imaging Center, Inc., set up to provide patients with magnetic resonance imaging services, and Quantum I R Imaging, Inc., set up to handle thermography services for the clinic. In addition, a partnership comprised of Pope, Clark, and Arroyo ("CAP Realty") owned and managed the building from which all three corporations operated.

In early 1992, shortly after Total Care began operating, Professional Funding and Total Care entered into a contract whereby Professional Funding provided Total Care with working capital by purchasing some of its accounts receivable. Problems with paperwork and disputes with doctors affiliated with Total Care soon put Total Care in the red. Although representatives of Total Care and Professional Funding tried to reconcile these problems, by early 1993 Professional Funding stopped advancing Total Care any money. In April 1993, Professional Funding demanded from Total Care that the corporation or its guarantors (Clark and Arroyo) repurchase uncollected accounts as provided in the contract. Professional Funding's demand was refused, giving rise to this suit and its resulting jury verdicts.

1. The trial court charged the jury on the "alter ego" or "business

conduit" principles of piercing the corporate veil, and the jury found Pope and his fellow stockholders personally liable for over $100,000 resulting from Total Care's failure to repurchase the uncollected accounts pursuant to its contract. Pope contends the trial court should have granted his motions for summary judgment and directed verdict on this issue.

"Once a case has been submitted to the jury and a judgment rendered on its verdict, the denial of a summary judgment motion is a moot issue. [Cit.]" *R. T. Patterson Funeral Home v. Head*, 215 Ga. App. 578, 581 (1) (451 SE2d 812) (1994) (physical precedent only). In determining whether the trial court erred by denying the motion for directed verdict, "this court reviews and resolves the evidence and any doubts or ambiguities in favor of the verdict. A directed verdict is not authorized unless there is no conflict in the evidence on any material issue and the evidence introduced, with all reasonable deductions demands a certain verdict. [Cits.]" (Punctuation omitted.) *Shaw v. Ruiz*, 207 Ga. App. 299, 303 (10) (428 SE2d 98) (1993).

To affirm the jury verdict piercing the corporate veil, we must find "evidence of abuse of the corporate form. [Professional Funding] must show that [Pope] disregarded the separateness of legal entities by commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records or control. . . . [Cit.]" (Punctuation omitted.) *J-Mart Jewelry Outlets v. Standard Design*, 218 Ga. App. 459, 460 (1) (462 SE2d 406) (1995). "Although great caution should be exercised in disregarding or going behind the corporate entity, it may be done [where the evidence shows] that the separate personalities of the corporation and the owners no longer exist; and to adhere to the doctrine of corporate entity would promote injustice. . . . [Cit.]" (Punctuation omitted.) *Florida Shade Tobacco Growers v. Duncan*, 150 Ga. App. 34, 35 (256 SE2d 644) (1979). When the issue is litigated, as it was in this case, the decision is generally entrusted to the jury. *J-Mart*, supra.

The evidence, construed most strongly in favor of the verdict, did not demand a decision in Pope's favor. See *Shaw*, supra. Dr. Ron Clark, the president of Total Care, testified that he, Pope, and Arroyo set up Total Care, the two other corporations, and the partnership (CAP Realty) to handle various aspects of their clinical business. They "transferred money back and forth between [their separate businesses] as needed," without any documentation. Although the partnership owned the building, Total Care funds were used to improve it. When Pope, Clark, and Arroyo sold the building, they realized proceeds above amounts owed on the building.

Because Total Care's own president admitted he, Pope, and Arroyo transferred funds among their businesses without regard to corporate formalities, Pope cannot complain of the jury's determina-

tion to disregard the corporate entity. See *Sparks v. Ellis*, 205 Ga. App. 263, 264 (1) (421 SE2d 758) (1992). In light of the admitted lack of documentation, the jury could infer from Clark's testimony that Total Care's stockholders "bled" the company to fund other business enterprises, including CAP Realty.[1] See *Brunswick Mfg. Co. v. Sizemore*, 183 Ga. App. 482, 483 (359 SE2d 180) (1987); *Trans-American Communications v. Nolle*, 134 Ga. App. 457, 460 (1) (214 SE2d 717) (1975). With the artificial barriers between those entities fallen, Pope's partnership — and therefore Pope personally — could be held liable for Total Care's business debts. OCGA § 14-8-15. The trial court did not err by entering judgment on this verdict.

2. Based on evidence that Pope used for Total Care's benefit money from payments assigned to Professional Funding, the jury found he had converted those funds. Pope contends the trial court erred by failing to grant his motions for summary judgment and directed verdict on the issue of conversion. He argues no conversion action may be maintained where the plaintiff simply seeks a money judgment on a contractual claim. We disagree, but remand to require Professional Funding to elect its remedy.

Professional Funding purchased Total Care's accounts receivable and filed a UCC-1 financing statement showing its interest in those receivables. A provision of the accounts receivable purchase contract between Total Care and Professional Funding stated: "Any checks, cash, notes or other instruments or property received by [Total Care from payors] due on a Purchased Account shall be deemed to have been received by you in trust on account of such Purchased account . . . and shall be held by [Total Care] in trust and not deposited, and shall be immediately turned over to [Professional Funding] in the same form as received." This language is underlined in the original contract. Professional Funding's vice-president testified that Total Care retained approximately $40,000 of payments on assigned accounts. A former Total Care employee testified she heard Pope direct that certain payments received on assigned claims be deposited into Total Care's account to "meet payroll." Professional Funding's expert accountant reviewed Total Care's financial and bank statements and discovered that approximately $40,000 in funds assigned to the lender had been diverted to Total Care's bank accounts.

These facts sufficiently support a verdict finding conversion, a tort defined as "[a]n exercise of dominion or control over property . . . which is inconsistent with the legal rights of a secured

---

[1] Contrary to Pope's argument, the evidence could lead a jury to infer monies were shifted between Total Care and the partnership as well as among the corporations.

party. . . . A secured interest in accounts receivable is a legal interest. [Cit.]" *Privitera v. Addison*, 190 Ga. App. 102, 106 (3) (378 SE2d 312) (1989). As a corporate manager who took part in this tort, Pope is personally liable for it. *Brown v. Rentz*, 212 Ga. App. 275, 276 (2) (441 SE2d 876) (1994). See *Shaw*, supra.

Although Professional Funding could maintain its action both on breach of contract and conversion theories, it could not obtain a double recovery and was required to elect its remedy. *Nat. City Bank of Rome v. Busbin*, 175 Ga. App. 103, 104-105 (1) (332 SE2d 678) (1985). The complaint and evidence show the lender sought recovery for a stated amount of money due on uncollected accounts. It contended that some of those funds were uncollectible and that others were converted by Total Care. The jury awarded Professional Funding the entire balance of payments it had not received and also awarded a separate amount covering converted payments. We therefore vacate that portion of the judgment and remand the matter to require Professional Funding to elect between its contractual and tort remedies. Id.

3. In his third enumeration of error, Pope asserts the trial court erred in excluding from evidence an order on a motion for summary judgment in a connected case. The trial court ruled it irrelevant, but Pope contends the evidence was necessary to show that a dispute among defendants brought out in prior testimony had been resolved in Pope's favor. He was allowed to do so by questioning the witness. "[T]he admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion. [Cits.]" (Punctuation omitted.) *Piggly Wiggly Southern v. Snowden*, 219 Ga. App. 148, 150 (3) (464 SE2d 220) (1995). We find no abuse of discretion, especially after reviewing the proffered order containing many pages of technical legal explanation and citation. A trial court may exclude even relevant evidence which would confuse a jury. *Kilpatrick v. Foster*, 185 Ga. App. 453, 456 (3) (364 SE2d 588) (1988).

4. Neither did the court err by allowing Professional Funding's witness to relate the statement of Carl Clark that Pope had mismanaged the business. Clark was a defendant in this case and made this statement to the witness during the course of representing Total Care's interests. The witness said Clark had represented himself as a new manager of Total Care. The trial court did not err in admitting this admission made by a defendant. *Smoky, Inc. v. McCray*, 196 Ga. App. 650, 651 (3) (396 SE2d 794) (1990); OCGA § 24-3-33.

5. The trial court did not err by allowing Professional Funding's attorney to ask a leading question, as the court did not abuse its broad discretion to allow parties to lead witnesses. *Knight v. State*,

266 Ga. 47, 49 (4) (464 SE2d 201) (1995).

6. Pope also asserts error in the trial court's admission into evidence of a summary of account information prepared by Professional Funding's expert witness and used in his testimony. He contends the court's admission of this document unduly emphasized the witness's testimony. The trial court gave a limiting instruction to ensure the jury would give no undue emphasis to the document, and by failing to object to that limiting instruction, Pope waived this ground of error. *Espy v. State*, 259 Ga. 587, 589 (3) (385 SE2d 659) (1989). Furthermore, the witness testified in detail as to the document's contents, so "[a]t worst the [summary was] merely cumulative and any error in admitting [it] was harmless. [Cit.]" *Pembrook Mgmt. v. Cossaboon*, 157 Ga. App. 675, 678 (4) (278 SE2d 100) (1981).

7. Pope's remaining enumeration of error is supported by neither argument nor citation of authority and is deemed abandoned pursuant to Court of Appeals Rule 27 (c) (2).

*Judgment affirmed in part, vacated in part, and remanded with instruction. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 29, 1996.

*Burroughs & LeFevre, John D. Burroughs*, for appellant.
*Whelchel & Dunlap, William L. Rogers, Jr., Thomas E. Raines*, for appellee.