482 S.E.2d 534 (1997)
225 Ga. App. 46
In the Interest of C. A., a child.
No. A97A0361.
Court of Appeals of Georgia.
March 3, 1997.
William B. Barker, for appellant.
Kyung H. Chang, Alpharetta, Wendy J. Glasbrenner, Gainesville, Vicky O. Kimbrell, Lisa J. Krisher, Phyllis J. Holmen, Atlanta, for appellee.
BLACKBURN, Judge.
Appellant is the maternal grandmother of C. A., a child. Alleging that C.A. was deprived, the grandmother filed a petition in *535 the juvenile court seeking temporary custody of C.A. C.A.'s mother contested the petition, and following a hearing, the court determined that C.A. was not deprived and denied the grandmother's petition for temporary custody. Appealing that order, the grandmother asserts that the juvenile court erred when it refused to allow testimony regarding what she refers to as "past acts of deprivation" regarding C.A. and C. A.'s brother, J.
The record shows that the excluded testimony involved the manner in which C. A., J., and their mother lived while in Florida, prior to moving to Georgia.[1] When the question regarding the Florida living arrangements was posed, counsel for the mother objected on grounds of relevancy. Counsel for the grandmother argued that the question was relevant to show how the mother treated her children while they lived in Florida, and presumably how they were deprived while living there, but the court sustained the objection and indicated that it was only interested in evidence regarding present deprivation. Claiming this ruling was error, the grandmother asserts that she should have been allowed to elicit testimony regarding C. A. and J.'s living arrangements in Florida.
Our review of the record indicates that in spite of the juvenile court's ruling, the grandmother did elicit testimony regarding C.A. and J.'s living arrangements in Florida. Some time after the objection was sustained, her counsel asked this same witness, "Can you tell me anything about [the mother's] living conditions in Florida when [C.A.] was living there?" The witness responded in detail, extensively describing the cleanliness of the Florida home in which C. A., J., and their mother lived, including who else lived in the home at the time and the status of C. A.'s physical health. Accordingly, notwithstanding the court's earlier ruling, the grandmother's evidence regarding C. A. and J.'s alleged prior deprivation from their living arrangements in Florida was admitted.
To the extent that the grandmother is arguing that she was erroneously prevented from eliciting testimony regarding the living arrangements and deprivation in Florida of C. A.'s brother J., this contention is without merit. When the witness answered the question about "living conditions in Florida," she pointed out that C.A. and J. were living in the same household in Florida. Her answer therefore addressed the alleged deprivation arising out of the living conditions with respect to both children. Because the evidence which the grandmother claims the trial court erroneously excluded as to both children was actually admitted, the grandmother has shown no harm from the trial court's ruling, and she is not entitled to relief. "Harm as well as error must be shown to authorize reversal." In the Interest of C. T., 197 Ga. App. 300, 301(1), 398 S.E.2d 286 (1990).
The grandmother also contends that the trial court erroneously prevented her from questioning a witness regarding evidence of alleged past beatings of J. The evidence was excluded by the court as irrelevant to the determination of the present deprivation of C.A. "The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." (Punctuation omitted.) Pope v. Professional Funding Corp., 221 Ga. App. 552, 555(3), 472 S.E.2d 116 (1996).
Although generally "the past conduct of the parent is properly considered by the court in determining whether such conditions of deprivation are likely to continue," we cannot say that the trial court clearly abused its discretion in refusing to admit the excluded evidence. (Punctuation omitted.) In the Interest of W. W. C., 210 Ga.App. 492, 494-495(1), 436 S.E.2d 685 (1993). Although the grandmother argued that the excluded evidence was relevant because the children were living in the same household when J.'s bruising occurred, the same witness who testified to having seen bruises on J. in the past stated that she had never seen a bruise on C.A. The grandmother now argues that the evidence regarding J. is relevant to show how C.A. would likely be raised in the future, but as she did not raise this argument in the juvenile court, we may not consider it for the *536 first time on appeal. See Hobdy v. State, 222 Ga.App. 625, 626, 475 S.E.2d 686 (1996) ("issues not properly raised and ruled on below cannot be raised for the first time on appeal").
Past deprivation alone is not sufficient to terminate a parent's rights without a showing of present deprivation, W.W.C., supra at 494, 436 S.E.2d 685, and in this instance, the past deprivation does not even relate to the child named in the petition. Although not completely irrelevant to a determination of C. A.'s status, exclusion of the evidence of past bruises on J. does not rise to the level of an abuse of discretion. Therefore, this Court will not interfere with the juvenile court's ruling.
Judgment affirmed.
POPE, P.J., and JOHNSON, J., concur.
NOTES
[1] J. was not named in the petition for temporary custody.