## A03A0232. IN THE INTEREST OF J. P. V., a child.
### (582 SE2d 170)

RUFFIN, Presiding Judge.

In December 2001, J. P. V. was placed in the custody of the Department of Family and Children Services (DFCS) for the third time. In March 2002, the juvenile court entered an order concluding that, under OCGA § 15-11-58, services to reunify J. P. V. with his mother were not appropriate. In three enumerations of error, the mother appeals from this order. Finding no error, we affirm.

---

[1] 276 Ga. 280 (576 SE2d 286) (2003).
[2] 252 Ga. App. 690 (556 SE2d 865) (2001).

On appeal, this Court defers to the juvenile court's factfinding.[1] We neither weigh the evidence nor assess witness credibility, but merely ascertain whether the clear and convincing evidence supported the juvenile court's ruling.[2]

Viewed in this light, the record reveals that the mother has a history of mental health problems and has been arrested several times for driving under the influence. In the fall of 1998, when J. P. V. was still an infant, his mother lost control of herself while intoxicated, deliberately tore her house, screamed at her children,[3] and butted her head through the walls. The police were called, and J. P. V. was taken into DFCS custody. The juvenile court subsequently entered an order finding J. P. V. to be deprived, and it does not appear that the mother appealed that order.

After undergoing counseling, the mother petitioned the juvenile court to regain custody of J. P. V. The guardian ad litem recommended that she be awarded custody, and on May 27, 1999, the trial court returned J. P. V. to his mother's care. However, less than one year later, the mother was arrested and charged with obstruction, criminal trespass, and aggravated battery, and the child was, once again, removed from the home.

On March 14, 2000, DFCS filed a deprivation petition, which the juvenile court granted. In its order, the juvenile court required the mother "to abide by all the terms and provisions of the . . . Case Plan dated April 4, 2000, which was signed and approved by the mother." The case plan required the mother to: (1) be alcohol and drug free; (2) obtain a mental health evaluation; (3) maintain stable employment for six months; (4) maintain stable housing for six months; and (5) visit J. P. V. regularly. The mother complied with the case plan, and the juvenile court returned J. P. V. to her custody in March 2001.

In December 2001, the mother tested positive for cocaine and was arrested. That same month, the mother was arrested for driving under the influence. The juvenile court again removed J. P. V. from his mother's custody. This time, the court ordered DFCS to submit a report, "which shall either include a Case Plan for reunification of the family or include a statement of the factual basis or bases for determining that a plan for reunification is not appropriate." In its report, DFCS recommended nonreunification, citing the mother's drug and alcohol use, the fact that J. P. V. had been placed in DFCS custody multiple times, and the parents' inability to provide adequate food, clothing, and shelter for the child. Accordingly, the trial

---

[1] See *In the Interest of R. N. R.*, 257 Ga. App. 93 (1) (570 SE2d 388) (2002).
[2] See id.
[3] The mother has two older children in addition to J. P. V.

court ordered that reunification services were not appropriate. The mother appeals this ruling.

1. In her first enumeration of error, the mother contests the constitutionality of OCGA § 15-11-58 (h), which provides, in pertinent part, that "[t]here shall be a presumption that reunification services should not be provided if the court finds by clear and convincing evidence that . . . [a] child has been removed from the home on at least two previous occasions and reunification services were made available on those occasions." However, the mother did not raise this issue before the juvenile court, and we cannot consider such constitutional challenge raised for the first time on appeal.[4] Accordingly, this error is without merit.

2. In her second enumeration of error, the mother contends that insufficient evidence supported the juvenile court's conclusion that reunification services should not be provided. Specifically, the mother argues that DFCS erroneously relied on the court's prior orders and failed to present evidence that reunification services should not be provided. The mother further asserts that the evidence was insufficient because the record shows that, on prior occasions, she complied with DFCS case plans and regained custody of J. P. V. We find these arguments unavailing.

As an initial matter, we disagree with the mother's contention that the trial court was not permitted to consider its prior orders in reaching its decision. "A court may take judicial notice of records in the same court."[5] Here, the juvenile court indicated on the record that it was taking judicial notice of its prior orders, which were unappealed, and the mother failed to object. Thus, we find no bar to the juvenile court's consideration of those orders in making its ruling.[6]

Moreover, we find that the clear and convincing evidence supports the trial court's conclusion that reunification services are inappropriate. Pursuant to OCGA § 15-11-58 (h), reunification services are inappropriate if "reasonable efforts to reunify [the] child with his . . . family will be detrimental to the child." As mentioned above, a presumption exists that reunification services are inappropriate if the child has twice been removed from the home and the parent has been provided reunification services on those prior occasions.[7] Although this presumption is rebuttable,[8] it has not been rebutted in the instant case.

---

[4] See *Brown v. Dept. of Human Resources*, 157 Ga. App. 106 (1) (276 SE2d 155) (1981).

[5] (Punctuation omitted.) *In the Interest of S. H. P.*, 243 Ga. App. 720, 722 (1) (a) (534 SE2d 161) (2000).

[6] See id.

[7] See OCGA § 15-11-58 (h) (2).

[8] See *In the Interest of M. H.*, 251 Ga. App. 528, 529-530 (554 SE2d 616) (2001).

In the past, the mother has evinced an ability to abstain from drug and alcohol abuse while a case plan is in effect. She has not, however, demonstrated an ability to refrain from such conduct when she has custody of her young child. Rather, the mother has shown a regrettable tendency to drive under the influence and to take illicit drugs, which has caused her to lose custody of her son on three separate occasions. Indeed, J. P. V. has spent approximately half of his life in foster care.

During the hearing on the need for continued reunification services, the mother was questioned about her drug use. The mother's attorney asked the mother if she had "been using drugs other than the one time [she] tested positive for cocaine." The mother responded, "I might have." Upon being asked if she used alcohol, the mother replied, "[y]es, some." Given the mother's equivocal answers, the presumption of nonreunification has not been rebutted.[9] It follows that the juvenile court did not err in concluding that reunification services are inappropriate.[10]

3. In her final enumeration of error, the mother argues that the juvenile court erred in ordering nonreunification when prior reunification case plans were inadequate to address her needs. However, the mother has failed to demonstrate that she raised this argument before the juvenile court, and we cannot consider an issue raised for the first time on appeal.[11]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED MAY 9, 2003.

*Sheryl D. Fambrough*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Assistant Attorney General, John R. Laseter,* for appellee.

---

[9] Compare id. (presumption rebutted where DFCS psychologist testifies reunification services should continue).

[10] See *In the Interest of K. M.*, 240 Ga. App. 67, 71 (522 SE2d 667) (1999).

[11] See *In the Interest of V. M. T.*, 243 Ga. App. 732, 734 (1) (a) (534 SE2d 452) (2000); *In the Interest of D. R. W.*, 229 Ga. App. 571, 575 (2) (494 SE2d 379) (1997); *In the Interest of C. A.*, 225 Ga. App. 46, 48 (482 SE2d 534) (1997).