A09A1824. MARVIN NIX DEVELOPMENT COMPANY et al.
v. UNITED COMMUNITY BANK.
(692 SE2d 23)

SMITH, Presiding Judge.

United Community Bank ("United") brought this multiple-count action against Marvin Nix Development Company, Marvin Nix and Donna Nix (collectively "Nix"), seeking recovery on a promissory note and guaranty agreements, damages and cancellation of a sale for fraudulent transfer, and damages for conversion and unjust enrichment. The trial court granted partial summary judgment to United on Counts I and II (recovery on the note and guaranty agreements) and Count V (conversion). The trial court expressly noted that the recoveries were separate and cumulative.

In its sole enumeration of error, Nix complains that the trial court erred in entering judgment against it on the conversion claim as well as on the note, contending that this amounts to a double recovery on alternative remedies.[1] We agree. We therefore vacate the trial court's judgments and remand this case for United to elect its remedy.

The parties do not dispute that United loaned Nix $1,677,097.70 for a real estate development, that Marvin Nix personally guaran-

---

[1] Nix does not enumerate any error with respect to the face amount of the note, interest, or attorney fees.

teed the loan, and that Nix defaulted on the loan. The promissory note recites that the loan is secured by a tract of land and by "all of grantor's right, title and interest in and to sewer tap agreement with the City of Cumming." Nix acknowledges that $600,000 of the loan was used to purchase the sewer taps.

The trial court first granted partial summary judgment in an order finding that Nix had "a loan obligation, payable to plaintiff, in the sum of $600,000.00" and that Nix was "no longer in possession of the property used as collateral to secure the loan." It ordered Nix to pay "the principal sum of $600,000, plus any prejudgment interest owing on the loan." Approximately ten days later, the trial court amended its order, noting that its first order "only addressed plaintiff's Count Five, conversion claim against defendants." It then granted summary judgment to United on the note and guaranties in the principal amount of the note plus interest and statutory attorney fees. The trial court specifically noted, "[T]his total amount due from defendants is *in addition to* the amount ordered to be paid under the court's prior order." (Emphasis in original.) This appeal followed.

> A secured creditor has a right of action for conversion if property subject to its security interest is disposed of without the creditor's authorization. The elements of such a claim include the showing of a valid security interest in the debtor's property, disposition of that property, absence of the creditor's authorization for the disposition, and resulting damage to the creditor.

(Citations omitted.) *William Goldberg & Co. v. Cohen*, 219 Ga. App. 628, 640 (7) (a) (466 SE2d 872) (1995). This is true even if the creditor is not suing on the underlying note. Id.

But the availability of alternative remedies does not mean that a creditor is entitled to *take judgment* under both theories. In contrast to the creditor in *Goldberg*, United has sought recovery here under the note as well as for conversion of collateral. The damages available in an action for conversion are limited by the amount remaining on the note: "Where the interest is a security interest, the measure of damages is the *lower* of the value of the converted property or the outstanding amount of the debt. [Cit.]" Id. at 641 (7) (a). "[T]he outstanding balance of the debt provides the ceiling for any monetary recovery the secured creditor could receive." (Citations and punctuation omitted.) Id. See also *Pope v. Professional Funding Corp.*, 221 Ga. App. 552, 555 (2) (472 SE2d 116) (1996) (lender may not recover both outstanding balance on loan and loan proceeds allegedly converted by debtor); *UIV Corp. v. Oswald*, 139

Ga. App. 697, 699 (229 SE2d 512) (1976) (party cannot recover both damages for breach of installment contract and damages for conversion of secured property).

While a party may pursue inconsistent remedies, he "is not permitted a double recovery of the same damages for the same wrong. He is entitled to only one satisfaction of the same damages, in either contract or tort. [Cits.]" *Flanigan v. Exec. Office Centers*, 249 Ga. App. 14, 16 (1) (546 SE2d 559) (2001). In *Pope*, supra, a jury awarded the lender the entire outstanding balance on its advances to the debtor in addition to a sum for payments converted by the debtor. We held that this was improper, observing, "Although [the lender] could maintain its action both on breach of contract and conversion theories, it could not obtain a double recovery and was required to elect its remedy. [Cit.]" *Pope*, supra, 221 Ga. App. at 555 (2). We vacated that portion of the judgment and remanded the case to require an election between the contractual and tort remedies. Id. See also *UIV Corp.*, supra, 139 Ga. App. at 700; *National City Bank v. Busbin*, 175 Ga. App. 103, 104-105 (1) (332 SE2d 678) (1985).

We therefore vacate the judgment in this case and remand the case to the trial court so that United may make an election of remedies and a new judgment may be entered.

*Judgment vacated and case remanded. Phipps and Bernes, JJ., concur.*

DECIDED MARCH 2, 2010.

*Davidson, Fuller & Sloan, Stephen P. Fuller*, for appellants.
*Morris, Manning & Martin, Frank W. Deborde, Stephanie H. Philips*, for appellee.