313 Ga. 420
FINAL COPY

S21G0578.  JUNIOR v. GRAHAM.

BETHEL, Justice.

This case involves the harmonization of two statutory provisions. The first, OCGA § 13-6-11, authorizes a jury in a civil suit to assess as damages certain legal expenses of a prevailing party when that party has specifically requested them and when the jury finds that the opposing party "has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense" prior to the initiation of litigation. The second, OCGA § 9-11-68 (b) (2), provides a sanction in the form of attorney fees and litigation expenses incurred after the failure to accept what the statute defines as a reasonable settlement offer. In *Junior v. Graham*, 357 Ga. App. 815, 817-818 (849 SE2d 536) (2020), the Court of Appeals determined that the sanction contemplated by OCGA § 9-11-68 (b) (2) necessarily includes a set-off for the amount

of damages awarded under OCGA § 13-6-11.

We granted certiorari to consider whether a plaintiff may receive a full recovery under both statutory provisions. Because we conclude that the provisions provide for different recoveries despite using somewhat similar measures for calculating the respective amount of damages or sanction, a prevailing plaintiff may recover under each statutory provision without regard to any recovery under the other. Accordingly, we reverse the decision of the Court of Appeals and remand this case with direction that the case be remanded to the trial court for reconsideration of the plaintiff's claim for attorney fees and litigation expenses pursuant to OCGA § 9-11-68 (b) (2) in a manner consistent with this opinion.

1. We begin by briefly discussing the history of this case.[1] The record shows that Joao Junior sued Sharon Graham for injuries sustained from a car accident in 2010. Junior's amended complaint sought compensatory damages, punitive damages, and attorney fees and litigation costs under OCGA § 13-6-11. After Junior filed suit,

---

[1] The facts relevant to our analysis are not in meaningful dispute.

but before trial, Junior served Graham with a document styled "Plaintiff's Offer to Settle Tort Claim to Defendant Pursuant to OCGA § 9-11-68." Junior's offer proposed to settle all of his claims against Graham for $600,000. The offer was rejected by operation of law after Graham failed to accept it within 30 days of its issuance. See OCGA § 9-11-68 (c) ("An offer [of settlement] that is neither withdrawn nor accepted within 30 days shall be deemed rejected.").

The case proceeded to trial, where the jury found in Junior's favor and awarded him $3,000,000 in compensatory damages, plus $1,200,000 in attorney fees and $51,554.95 in litigation expenses pursuant to OCGA § 13-6-11. The attorney fee award was consistent with Junior's fee agreement with his counsel, which called for counsel to be paid 40 percent of any compensatory damages award. The combined total of attorney fees and litigation expenses awarded by the jury was $1,251,554.95. This amount equaled Junior's total obligation for attorney fees and expenses of litigation preceding the verdict in the case.

Because the jury's award of compensatory damages exceeded

3

Junior's offer to settle the suit for $600,000 by more than 125 percent, he filed a post-trial motion for attorney fees and litigation expenses under OCGA § 9-11-68. That statute provides in relevant part:

> If a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment.

OCGA § 9-11-68 (b) (2). Graham opposed the motion, arguing that Junior's settlement offer was not made in good faith, and that an award under OCGA § 9-11-68 would give Junior a prohibited "double recovery."

The trial court, without holding an evidentiary hearing, denied Junior's motion and concluded that "allowing [Junior] a further award of attorney's fees would permit a double recovery." The court reasoned that even though OCGA §§ 9-11-68 (b) (2) and 13-6-11 contemplate awards based on different conduct, the total of attorney

4

fees and litigation expenses used to measure the awards was incurred as to the same cause of action against the same defendant. The court also determined that Junior had already been "fully compensated" for the entire amount of attorney fees and litigation expenses that he incurred in this lawsuit. On that basis, the court determined that no additional recovery was permitted under OCGA § 9-11-68 (b) (2).[2]

Junior appealed the denial of his request for attorney fees and litigation expenses under OCGA § 9-11-68 (b) (2), arguing that the trial court erred by determining that the jury award under OCGA § 13-6-11 precluded the imposition of an award under OCGA § 9-11-68 (b) (2). The Court of Appeals affirmed based on different reasoning. See *Junior*, 357 Ga. App. at 817-818.

Specifically, the Court of Appeals rejected the trial court's

---

[2] The trial court did not decide if Junior's offer of settlement was made in good faith. See OCGA § 9-11-68 (d) (2) ("If a party is entitled to costs and fees pursuant to the provisions of this Code section, the court may determine that an offer was not made in good faith in an order setting forth the basis for such a determination. In such case, the court may disallow an award of attorney's fees and costs."). That issue may be addressed on remand.

rationale that receiving attorney fee and litigation expenses awards under both OCGA § 13-6-11 and OCGA § 9-11-68 (b) (2) in the same proceeding would necessarily amount to a double recovery. Instead, it affirmed the trial court's ruling based on the conclusion that Junior could not demonstrate that he was entitled to an award under OCGA § 9-11-68 (b) (2) because he had no longer "incurred" the $1,251,554.95 in attorney fees and litigation expenses as he had been awarded that amount as damages under OCGA § 13-6-11 and therefore had no uncovered expenses to which a sanction would apply. *Junior*, 357 Ga. App. at 818 (quoting OCGA § 9-11-68 (b) (2)). The Court of Appeals reasoned that "[i]n some instances, . . . a claimant may have incurred fees after a jury verdict but prior to entry of the final judgment by the trial court, in which case a subsequent award under OCGA § 9-11-68 (b) by a judge for such fees would be appropriate." Id. But because the Court of Appeals determined that "Junior . . . [did] not contend that he incurred such fees," it affirmed the ruling of the trial court denying Junior's motion for attorney fees and litigation expenses under OCGA § 9-11-68 (b)

6

(2). Id. at 818.

We granted Junior's petition for a writ of certiorari to consider whether OCGA § 9-11-68 (b) (2) requires the trial court to deduct from the sanction any amount awarded by the jury as damages under OCGA § 13-6-11. Contrary to the decision of the Court of Appeals, we hold that the statutory schemes at issue do not provide for or compel any such set-off because they address different conduct of the defendant despite using a similar measure — attorney fees and litigation expenses — to calculate their respective amounts.

2. (a) In interpreting OCGA §§ 9-11-68 (b) (2) and 13-6-11,

> we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

(Citations and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013). Moreover, "[w]hen we consider the meaning of a statutory provision, we do not read it in isolation, but rather, we read it in the context of the other statutory provisions

7

of which it is a part." (Citation and punctuation omitted.) *City of Marietta v. Summerour*, 302 Ga. 645, 656 (3) (807 SE2d 324) (2017); see also *Houston v. Lowes of Savannah, Inc.*, 235 Ga. 201, 203 (219 SE2d 115) (1975) ("[A] statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part."). The interpretation of a statute is a question of law, which is reviewed de novo on appeal. See *State v. Coleman*, 306 Ga. 529, 530 (832 SE2d 389) (2019).

With these principles in mind, we turn to the statutory provisions at issue. OCGA § 13-6-11[3] provides:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

OCGA § 9-11-68, commonly called the "offer of settlement" statute, was added to Georgia's Civil Practice Act as part of "tort

---

[3] The basic provisions of OCGA § 13-6-11 have existed in some form since 1863, see Ga. L. 1863, § 2883, and the current language of the statute was enacted in 1984. See Ga. L. 1984, p. 22, § 13.

reform" legislation that became effective on February 16, 2005, see

Ga. L. 2005, p. 1, § 5, and was then amended effective April 27, 2006,

see Ga. L. 2006, p. 446, § 1. Relevant to the issue before us, OCGA §

9-11-68 (b) (2) provides:

> If a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment.

Further, OCGA § 9-11-68 (d) (1) provides that "[t]he court shall

order the payment of [such] fees and expenses . . . upon receipt of

proof that the judgment is one to which the provisions of either

[OCGA § 9-11-68 (b) (1) or (2)] apply[.]"[4] For a plaintiff seeking to

recover under this provision, the only prerequisites for recovery are

---

[4] Paragraph (b) (1), which is not at issue in this case, provides a remedy in cases where the defendant makes an offer of settlement that is rejected by the plaintiff. Under that provision, if the final judgment "is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement[,]" the defendant is entitled to an award of "reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment[.]" OCGA § 9-11-68 (b) (1).

the making of a good faith offer of settlement that complied with the requirements of OCGA § 9-11-68 (a) (which sets forth the procedural requirements for invoking the statute), the rejection of the offer by the defendant, and the plaintiff's recovery of a final judgment in an amount greater than 125 percent of that offer. See OCGA § 9-11-68 (b) (2), (d) (1)-(2). As this Court has previously explained, the "clear purpose" of OCGA § 9-11-68 "is to encourage litigants in tort cases to make and accept good faith settlement proposals in order to avoid unnecessary litigation," thereby advancing "this State's strong public policy of encouraging negotiations and settlements." (Citation and punctuation omitted.) *Smith v. Baptiste*, 287 Ga. 23, 29 (2) (694 SE2d 83) (2010).

(b) Graham argues that Junior cannot collect attorney fees and litigation expenses under both OCGA §§ 13-6-11 and 9-11-68 (b) (2) because doing so would constitute an impermissible double recovery. We disagree.

Graham is correct that Georgia public policy generally prohibits a plaintiff from a double recovery of compensatory

10

damages, as we explained in *Georgia Northeastern Railroad, Inc. v. Lusk*, 277 Ga. 245 (587 SE2d 643) (2003):

> Georgia, as part of its common law and public policy, has always prohibited a plaintiff from a double recovery of damages; the plaintiff is entitled to only one recovery and satisfaction of damages, because such recovery and satisfaction is deemed to make the plaintiff whole.

(Citation and punctuation omitted.) Id. at 246 (1). See also *Marvin Nix Dev. Co. v. United Community Bank*, 302 Ga. App. 566, 568 (692 SE2d 23) (2010) ("While a party may pursue inconsistent remedies, he is not permitted a double recovery of the same damages for the same wrong. He is entitled to only one satisfaction of the same damages, in either contract or tort." (citation and punctuation omitted)). An exception to this decisional rule, of course, is where a greater recovery is authorized by statute. Many examples of this are found in the Georgia Code. See, e.g., OCGA §§ 16-14-6 (c) (providing for recovery of treble damages in a civil suit arising from a violation of Georgia's RICO Act); 44-5-48 (c) (providing for treble damages for a willful violation of the statute's provisions pertaining to requirements for deeds conveying interest in real property that has

11

been used as a commercial landfill); *Couch v. Red Roof Inns, Inc.*, 291 Ga. 359, 364 (1) (729 SE2d 378) (2012) ("[A]s long as legislation does not violate the Constitution, when the Legislature says something clearly — or even just implies it — statutes trump cases."); *Dove v. Dove*, 285 Ga. 647, 649 (5) (680 SE2d 839) (2009) ("Statutes, of course, are expressions of the public policy of this State.").

In its opinion, the Court of Appeals cited *Lusk* and *Marvin Nix* and acknowledged this general public policy against double recoveries of compensatory damages without deeming it dispositive of the issue presented in this case. See *Junior*, 357 Ga. App. at 816-817. *Lusk* and *Marvin Nix* both involved cases in which a prohibited double recovery of compensatory damages had been awarded. See *Lusk*, 277 Ga. at 246-247 (1) (reversing a jury verdict on the basis that it included damages for diminution of property value as well as restoration of the property); *Marvin Nix*, 302 Ga. App. at 567-568 (vacating judgment and remanding case so that the party could elect a remedy for either conversion or recovery on the note and guaranty

agreements). That is not the situation in this case.

Of the two statutory provisions involved here, only OCGA § 13-6-11 provides for an award of attorney fees and litigation expenses as part of *damages*. As we have previously explained, "damages allowed under [OCGA § 13-6-11] are compensatory." *Ga. Dept. of Corrections v. Couch*, 295 Ga. 469, 474 (2) (a) (759 SE2d 804) (2014). In contrast, OCGA § 9-11-68 (b) (2) provides a *sanction* for litigation conduct.

> [A]n award under OCGA § 9-11-68 (b) is not an independent tort "claim" or a component of tort damages; rather, such awards are best understood as one of many potential costs associated with tort litigation in Georgia, and in particular inappropriate conduct during such litigation.

*Couch*, 295 Ga. at 480 (2) (b). Thus, an award of attorney fees and litigation expenses under OCGA § 9-11-68 (b) is properly understood as a sanction that requires "the misbehaving party to pay the opposing party's resulting attorney fees and litigation expenses." Id. at 481 (2) (b).

Moreover, there are other distinct differences between these

statutory provisions.

> OCGA §§ 13-6-11 and 9-11-68 (b) are differently worded. . . . OCGA § 13-6-11 expressly makes its litigation expenses "part of the damages" to be awarded by the jury, and an award under OCGA § 13-6-11 must be based on conduct arising from the transaction underlying the cause of action being litigated, not conduct during the course of the litigation itself.[5] By contrast, attorney fees awarded under OCGA § 9-11-68 (b) are not identified as "damages"; they relate entirely to conduct during the course of the litigation; and they are determined post-judgment by the court rather than during trial by the jury.

(Citations and punctuation omitted.) *Couch*, 295 Ga. at 475 (2) (a).

While OCGA § 13-6-11 *permits* a jury to award fees and expenses as part of damages, OCGA § 9-11-68 (d) (1) *requires* that such fees be awarded by the trial court after the entry of judgment when the statutory conditions are met.

It is also clear from the broader structure of OCGA § 9-11-68 that the General Assembly has contemplated in other instances that

---

[5] As we have recently noted in regard to OCGA § 13-6-11, "[p]ut another way, the element of bad faith, stubborn litigiousness, or unnecessary trouble 'must relate to the acts in the transaction itself prior to the litigation, not to the motive with which a party proceeds in the litigation.'" (Citation and punctuation omitted.) *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 312 Ga. 350, 359 (3) (862 SE2d 295) (2021).

14

an award of attorney fees and litigation expenses under one statute might be offset by a similar recovery under another statute or that recovery under one statute bars recovery under the other altogether. Thus, OCGA § 9-11-68 (e) provides for an award of attorney fees and litigation expenses to the prevailing party where "the opposing party presented a frivolous claim or defense."[6] However, paragraph (e) (3)

---

[6] OCGA § 9-11-68 (e) provides:

Upon motion by the prevailing party at the time that the verdict or judgment is rendered, the moving party may request that the finder of fact determine whether the opposing party presented a frivolous claim or defense. In such event, the court shall hold a separate bifurcated hearing at which the finder of fact shall make a determination of whether such frivolous claims or defenses were asserted and to award damages, if any, against the party presenting such frivolous claims or defenses. Under this subsection:

(1) Frivolous claims shall include, but are not limited to, the following:

(A) A claim, defense, or other position that lacks substantial justification or that is not made in good faith or that is made with malice or a wrongful purpose, as those terms are defined in Code Section 51-7-80;

(B) A claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position; and

(C) A claim, defense, or other position that was interposed for delay or harassment;

(2) Damages awarded may include reasonable and

15

expressly prohibits recovery under both that provision and OCGA §

9-15-14.[7] Both OCGA §§ 9-11-68 (e) and 9-15-14 address similar

---

necessary attorney's fees and expenses of litigation; and

(3) A party may elect to pursue either the procedure specified in this subsection or the procedure specified in Code Section 9-15-14, but not both.

[7] OCGA § 9-15-14 provides:

(a) In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Attorney's fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just.

(b) The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

(c) No attorney or party shall be assessed attorney's fees as to any claim or defense which the court determines was asserted by said attorney or party in a good faith attempt to establish a new theory of law in Georgia if such new theory of law is based on some recognized precedential or persuasive authority.

claims of frivolous litigation, and the General Assembly specified that "[a] party may elect to pursue either the procedure specified in this subsection or the procedure specified in Code section 9-15-14, *but not both*." (Emphasis supplied.) OCGA § 9-11-68 (e) (3).

No such limitation is set forth in OCGA § 9-11-68 (b) (2) with regard to OCGA § 13-6-11, nor does OCGA § 13-6-11 contain such a proviso. The absence of such a limitation suggests that the General

(d) Attorney's fees and expenses of litigation awarded under this Code section shall not exceed amounts which are reasonable and necessary for defending or asserting the rights of a party. Attorney's fees and expenses of litigation incurred in obtaining an order of court pursuant to this Code section may also be assessed by the court and included in its order.

(e) Attorney's fees and expenses under this Code section may be requested by motion at any time during the course of the action but not later than 45 days after the final disposition of the action.

(f) An award of reasonable and necessary attorney's fees or expenses of litigation under this Code section shall be determined by the court without a jury and shall be made by an order of court which shall constitute and be enforceable as a money judgment.

(g) Attorney's fees and expenses of litigation awarded under this Code section in a prior action between the same parties shall be treated as court costs with regard to the filing of any subsequent action.

(h) This Code section shall not apply to proceedings in magistrate courts. However, when a case is appealed from the magistrate court, the appellee may seek litigation expenses incurred below if the appeal lacks substantial justification.

17

Assembly did not mean an award of fees and expenses under OCGA § 13-6-11 to limit an award under OCGA § 9-11-68 (b) (2) or to require the party seeking attorney fees and litigation expenses to choose between those provisions.[8]

(c) Turning to the reasoning of the Court of Appeals, the court misinterpreted the language of OCGA § 9-11-68 (b) in determining that Junior could not recover fully under both statutory provisions. Specifically, the Court of Appeals determined that because Junior had been awarded attorney fees and litigation expenses under OCGA § 13-6-11, "those costs had been compensated" and were no longer "incurred" within the meaning of OCGA § 9-11-68 (b). *Junior*, 357 Ga. App. at 817-818. This is incorrect.

As explained above, OCGA § 9-11-68 (b) (2) provides that if other statutory conditions are met, then the plaintiff is "entitled to

---

[8] We note that the Court of Appeals has summarily held that recovery under OCGA §§ 9-15-14 and 13-6-11 "would constitute an impermissible double recovery." *Roofers Edge, Inc. v. Standard Bldg. Co., Inc.*, 295 Ga. App. 294, 296 (2) (671 SE2d 310) (2008). While the discussion above casts doubt on that holding, that issue is not presented in this case and we need not resolve it today.

recover reasonable attorney's fees and expenses of litigation *incurred* by the plaintiff or on the plaintiff's behalf[.]" (Emphasis supplied.) The Court of Appeals noted that dictionaries define "incur" as "to suffer or bring on oneself (a liability or expense)" or "to become liable or subject to." *Junior*, 357 Ga. App. at 817 n.13 (quoting Black's Law Dictionary (11th ed. 2019), and the online Merriam-Webster Dictionary, respectively). The court then applied this present-tense definition to cover only attorney fees and litigation expenses owed or unsatisfied as of the time the plaintiff files his motion under OCGA § 9-11-68 (b) (2). But OCGA § 9-11-68 (b) (2) speaks of attorney fees and expenses of litigation "incurred" — past tense. Whether a liability or expense has been satisfied is separate from whether it was incurred — that is, brought on oneself as a liability or expense — in the first instance. Here, the fact that Junior was compensated for his attorney fees and litigation expenses through an award of damages under OCGA § 13-6-11 did not change the fact that those fees and expenses had been incurred as the measure of the sanction to which he could be entitled under

19

OCGA § 9-11-68 (b) (2). And, as discussed above, nothing in OCGA § 9-11-68 (b) allows or requires the trial court to consider whether an award was made under OCGA § 13-6-11 when deciding the availability of attorney fees and litigation expenses under OCGA § 9-11-68 (b) (2). Accordingly, the Court of Appeals wrongly concluded that Junior had not incurred any attorney fees and litigation expenses within the meaning of OCGA § 9-11-68 (b) (2) because he had received an award under OCGA § 13-6-11.

For these reasons, the judgment of the Court of Appeals is reversed. The case is remanded to the Court of Appeals with direction to remand the case to the trial court for reconsideration of Junior's motion for attorney fees and litigation expenses under OCGA § 9-11-68 (b) (2) consistent with this opinion. See also *Couch*, 295 Ga. at 482-487 (3) (discussing method of calculating amount of award under OCGA § 9-11-68 (b)).

*Judgment reversed and case remanded with direction. All the Justices concur, except Peterson, J., disqualified.*

Decided March 8, 2022.

Certiorari to the Court of Appeals of Georgia — 357 Ga. App. 815.

*Brodhead Law, Ben C. Brodhead III, Ashley B. Fournet, John W. Nichols; Bondurant Mixson & Elmore, Michael B. Terry, Michael B. Jones*, for appellant.

*Holland & Knight, Laurie W. Daniel, Matthew D. Friedlander*, for appellee.