**FIRST DIVISION
BARNES, P. J.,
PIPKIN and LAND, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**August 15, 2023**

# In the Court of Appeals of Georgia

A23A0765. ELIEZER et al. v. MOSLEY.

BARNES, Presiding Judge.

Dr. Leo Eliezer and his employer, Georgia Dental Professionals, P. C. d/b/a Jones Bridge Dental Care ("Georgia Dental"), appeal the trial court's order striking their notice of nonparty fault in this dental malpractice action brought against them by Lyubov Mosley. The central question in this appeal is whether a percentage of fault can be assessed to a nonparty under the former version of Georgia's apportionment statute, OCGA § 51-12-33,[1] where there are two defendants named in the lawsuit, but one of the defendants' liability is solely vicarious. For the reasons

---

[1] The General Assembly has since amended OCGA § 51-12-33, see Ga. L. 2022, p. 802, § 1, but the new version of the statute only applies to cases filed after May 13, 2022. See id. §§ 2-3. The present case was filed in March 2021, and thus the former version of the statute applies. Unless otherwise noted, all references in this opinion to OCGA § 51-12-33 are to the former version of the statute.

discussed more fully below, we answer that question in the negative and conclude that the assessment of a percentage of fault to a nonparty is not proper in this context. Accordingly, we affirm the trial court's order striking the defendants' notice of nonparty fault.

*Statutory Framework.* The version of Georgia's apportionment statute, OCGA § 51-12-33, applicable in this case was enacted as part of the Tort Reform Act of 2005. See Ga. L. 2005, p. 1, § 12; *Alston & Bird, LLP v. Hatcher Mgmt. Holdings*, 312 Ga. 350, 350 (862 SE2d 295) (2021). The statute provides in part:

> (a) Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.

> (b) Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be

the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

(c) In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.

. . .

(f) (1) Assessments of percentages of fault of nonparties shall be used only in the determination of the percentage of fault of named parties.

(2) Where fault is assessed against nonparties pursuant to this Code section, findings of fault shall not subject any nonparty to liability in any action or be introduced as evidence of liability in any action.

(g) Notwithstanding the provisions of this Code section or any other provisions of law which might be construed to the contrary, the plaintiff shall not be entitled to receive any damages if the plaintiff is 50 percent or more responsible for the injury or damages claimed.

OCGA § 51-12-33; Ga. L. 2005, p. 1, § 12.

The interpretive dispute in this case centers on subsections (b) and (c) of OCGA § 51-12-33. Construing those subsections, our Supreme Court has explained:

> Subsection (b) authorizes the trier of fact to "apportion its award of damages among the persons who are liable according to the percentage of fault of each person." . . . "[P]ersons who are liable" includes only named defendants. Therefore, subsection (b) permits the trier of fact to apportion the total damages award among multiple named defendants according to their respective percentages of fault.
>
> Subsection (c) tells the trier of fact how to assess "percentages of fault" that are to be used under other subsections of the statute, but it does not itself authorize any apportionment of damages. Instead, subsection (c) directs a trier of fact apportioning damages to consider the fault of all who contributed to the injury or damages, including nonparties, in assessing the relative percentages of fault. . . . Where subsection (b) applies, . . . the percentage of fault of a nonparty must be considered when apportioning damages to party defendants . . . , and a given defendant is liable only for the damages corresponding to the percentage of fault allocated to that defendant.

(Citations omitted.) *Hatcher*, 312 Ga. at 355-356 (2). Thus, the assessment of percentages of fault to nonparties under subsection (c) is tied to the apportionment of damages among party defendants under subsection (b); if subsection (b) does not

4

apply in a given case, "[t]here is no authority in the apportionment statute to reduce damages according to the percentage of fault allocated to a nonparty[.]" Id. at 356 (2).

In *Hatcher*, 312 Ga. at 353-359 (2), our Supreme Court held that there can be no apportionment of damages under the plain language of OCGA § 51-12-33 (b) in cases where there is only one named defendant, and that percentages of fault therefore cannot be assessed to nonparties under subsection (c) in that circumstance.[2] In *Federal Deposit Ins. Corp. v. Loudermilk*, 305 Ga. 558, 569-576 (2) (826 SE2d 116) (2019), our Supreme Court held that there can be no apportionment of damages under OCGA § 51-12-33 (b) in cases where fault among the named defendants is indivisible as a matter of law, as in that case, where the claim at issue involved defendants who

---

[2] Following *Hatcher*, the General Assembly amended OCGA § 51-12-33 (b) to provide:

> Where an action is brought against *one or more persons* for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among *the person or persons* who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

(Emphasis supplied.) Ga. L. 2022, p. 802, § 1. As previously noted, the new version of the statute is inapplicable in this case. See supra footnote 1.

were former directors and officers of a bank who acted in concert to commit a tort such that the fault of one defendant would be imputed to all of the others.

Mindful of this statutory framework and precedent, we turn to the procedural background of the present case.

*Background.* The record reflects that Mosley sued Dr. Eliezer and Georgia Dental for dental malpractice, contending that Dr. Eliezer negligently performed several dental implant procedures and failed to properly treat an infection. Mosley sought to recover against Georgia Dental based solely on its status as Dr. Eliezer's employer under principles of vicarious liability and respondeat superior.

The defendants filed a notice of their intent to assess percentages of fault to three other nonparty dentists whom Mosley also saw for treatment. See OCGA § 51-12-33 (d). Mosley moved to strike the defendants' notice of nonparty fault, asserting that because Georgia Dental's liability was solely vicarious based on the acts and omissions of Dr. Eliezer as its employee, fault was not divisible among the two named defendants. Mosley further argued that because fault was not divisible among the named defendants, damages could not be apportioned between them under OCGA § 51-12-33 (b), and thus there could be no assessment of a percentage of fault to nonparties under OCGA § 51-12-33 (c).

6

The trial court initially denied the motion to strike the defendants' notice of nonparty fault. Relying on *Hatcher*, the trial court determined that because "this case plainly has two defendants," OCGA § 51-12-33 (b) was applicable and percentages of fault could be allocated to nonparties under OCGA § 51-12-33 (c). But Mosley then moved for reconsideration, and the trial court granted the motion and struck the defendants' notice. The trial court concluded that it had "erred in finding that the mere existence of two defendants controls, instead of the divisibility of fault between them." Noting that it had "taken a closer look" at the Supreme Court's decision in *Loudermilk*, the trial court ruled that because fault was not divisible between Dr. Eliezer and Georgia Dental, the apportionment statute was inapplicable and there could be no allocation of a percentage of fault to nonparties. The trial court thereafter granted the defendants a certificate of immediate review, and this Court granted the defendants' application for interlocutory appeal. This appeal followed in which the defendants contend that the trial court misinterpreted OCGA § 51-12-33 (b) and (c) and should not have stricken their notice of intent to allocate percentages of fault to the nonparty dentists.

*Discussion.* In interpreting OCGA § 51-12-33,

we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

(Citations and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013). "We must . . . interpret the statute as a whole, striving to make all its parts harmonize and to give a sensible and intelligent effect to each part, and to avoid constructions that make some language mere surplusage." (Citations and punctuation omitted.) *State v. Free At Last Bail Bonds*, 285 Ga. App. 734, 737 (647 SE2d 402) (2007). "The interpretation of a statute is a question of law, which is reviewed de novo on appeal." *Junior v. Graham*, 313 Ga. 420, 423 (2) (a) (870 SE2d 378) (2022).

Guided by these principles and by the precedent of our Supreme Court and this Court interpreting the apportionment statute, we discern no error by the trial court. As made clear in *Hatcher*, percentages of fault can be allocated to nonparties under OCGA § 51-12-33 (c) only in cases where OCGA § 51-12-33 (b) is applicable. See *Hatcher*, 312 Ga. at 353-359 (2). And subsection (b) is applicable in cases where

8

there is more than one named defendant and fault is capable of division. See id.; *Loudermilk*, 305 Ga. at 569-576 (2). In the present case, there is more than one named defendant, and thus the issue is whether fault is divisible. We conclude that it is not.

As an initial matter, we note that fault is not divisible for purposes of the apportionment statute simply because a jury could potentially allocate fault between Dr. Eliezer *and the nonparty dentists* who treated Mosley. Rather, the plain language of the statute and Georgia Supreme Court case law reflect that the proper test is whether fault is divisible among the *named defendants*, Dr. Eliezer and Georgia Dental. As previously noted, OCGA § 51-12-33 (b) provides in part that

> [w]here an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall . . . apportion its award of damages *among the persons who are liable* according to the percentage of fault of each person.

(Emphasis supplied.) Discussing this statutory language in *Loudermilk*, 305 Ga. at 572 (2), our Supreme Court explained:

> By ordering that "the trier of fact . . . shall" apportion damages "among the persons who are liable according to the percentage of fault of each person," the statute necessarily presumes that fault must be divisible among "persons" for apportionment to apply in the first place.

9

(Citation and emphasis omitted.) Thus, our Supreme Court further explained, "the pertinent inquiry is . . . whether fault is capable of division," and for there to be apportionment under OCGA § 51-12-33 (b), there must be "a legal means of dividing fault 'among the persons who are liable.'" Id. at 572-573 (2). And, notably, the phrase "'persons who are liable' includes only named defendants." *Hatcher*, 312 Ga. at 355 (2). See *Zaldivar v. Prickett*, 297 Ga. 589, 600 (1), n. 7 (774 SE2d 688) (2015) ("[T]hose 'who are liable' — the subjects of subsection (b) — necessarily must be limited to named defendants with liability. Subsection (b) simply does not concern nonparties."). It follows that there must be a legal means of dividing fault among the named defendants for OCGA § 51-12-33 (b) to be applicable.

*Loudermilk*, 305 Ga. at 569-576 (2), involved multiple defendants who acted in concert to commit a tort, and the Supreme Court held that there was no legal means of dividing fault among the defendants in that context because under a concerted action theory of recovery, the fault of one person is imputed to every other person involved in the joint enterprise. See also *Hatcher*, 312 Ga. at 360-361 (3) (discussing *Loudermilk*). The present case does not involve a theory of concerted action among the named defendants, but rather a theory of derivative liability based on the employer-employee relationship between the named defendants, Georgia Dental and

10

Dr. Eliezer, and principles of vicarious liability and respondeat superior.[3] However, as in cases predicated on a theory of concerted action among the named defendants, division of fault is not possible in cases predicated solely on the theory that one of the two named defendants is vicariously liable for the acts or omissions of the other named defendant under the doctrine of respondeat superior. See *SecureAlert, Inc. v. Boggs*, 345 Ga. App. 812, 815 (815 SE2d 156) (2018) (noting that under "the doctrine of respondeat superior, . . . the principal is entirely responsible for the agent's negligence," and fault "cannot be apportioned between the principal and the agent/tortfeasor"); *PN Express v. Zegel*, 304 Ga. App. 672, 680 (5) (697 SE2d 226) (2010) (explaining that where an employer's liability is solely vicarious, the employer and employee "are regarded as a single tortfeasor"). Indeed, our Supreme Court noted in *Loudermilk*, 305 Ga. at 575 (2), n. 20, that "[a]part from concerted action, there may exist other legal theories that preclude division of fault as a matter of law —

---

[3] Mosley seeks to hold Georgia Dental liable exclusively on the basis of vicarious liability under the doctrine of respondeat superior and does not allege any claims of negligent entrustment, hiring, training, supervision, or retention. Cf. *Quynn v. Hulsey*, 310 Ga. 473, 479 (850 SE2d 725) (2020) (concluding that a jury can apportion fault to an employer-defendant based on claims of negligent entrustment, hiring, training, supervision, or retention because in that context "claims that an employer was negligent are divisible from claims that its employee was negligent, and so are capable of being assigned percentages of fault").

11

perhaps, for instance, *vicarious liability* or other agency-based or derivative theories of liability." (Emphasis supplied.) We therefore conclude that there is no legal means of dividing fault among Georgia Dental and Dr. Eliezer, and that OCGA § 51-12-33 (b) thus is inapplicable. See *PN Express*, 304 Ga. App. at 680 (5) (concluding that OCGA § 51-12-33 (b) was inapplicable where the defendant employer faced only vicarious liability under the doctrine of respondeat superior).

Because OCGA § 51-12-33 (b) is inapplicable in this case, percentages of fault cannot be allocated to the nonparty dentists under OCGA § 51-12-33 (c) as requested by the defendants. See *Hatcher*, 312 Ga. at 353-359 (2) (OCGA § 51-12-33 (c) is applicable only when OCGA § 51-12-33 (b) is applicable). Hence, the trial court committed no error in striking the defendants' notice of their intention to allocate fault to nonparties, and we therefore affirm.

*Judgment affirmed. Pipkin and Land, JJ., concur.*