**THIRD DIVISION
DOYLE, P. J.,
HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 31, 2024**

# In the Court of Appeals of Georgia

A24A0989. EDWARDS v. HIGGINS.

WATKINS, Judge.

Dishawn Edwards, plaintiff in the case below, appeals the trial court's order awarding her $6,800 in attorney fees under OCGA § 9-11-68, Georgia's offer-of-settlement statute. Edwards contends that the trial court erred in calculating the amount of her award. For the reasons that follow, we agree.

The facts underlying this case are not in dispute. In 2018, Cindy Higgins struck Edwards's car in a Chick-fil-A drive-through lane. Edwards offered to settle her claims for $12,500, but Higgins, through her insurer, rejected the offer and made a counteroffer of $250. Almost four years later, after a three-day trial on damages, the jury awarded Edwards $17,000 in damages. Edwards then moved for attorney fees

under OCGA § 9-11-68. As of April 25, 2023, Edwards sought $165,165 in attorney fees and $1,254.43 in expenses of litigation. In response to Edwards's motion, Higgins argued that any award of attorney fees must not exceed the amount Edwards's attorneys would have recovered under their contingency fee agreement: 40 percent of the judgment, or $6,800.

The trial court concluded that Edwards was entitled to recover reasonable attorney fees and expenses of litigation pursuant to OCGA § 9-11-68. As to the amount of the award, the trial court concluded that the compensation the contingency fee calculation would have generated — $6,800 — was "a reasonable result, considering all matters of record in this action," including that this was a "simple, parking-lot collision case[.]" On appeal, Edwards contends that the trial court erred in calculating the amount of the award. She maintains that the trial court's order must be vacated and the case remanded because the trial court erroneously imposed a "proportionality" requirement on the amount of reasonable attorney fees that can be awarded under OCGA § 9-11-68.

We review the trial court's calculation of an award under OCGA § 9-11-68 for abuse of discretion.[1]

> The purpose of OCGA § 9-11-68, commonly referred to as Georgia's "offer of settlement" statute, is to encourage litigants in tort actions to make and accept good faith settlement proposals in order to avoid unnecessary litigation, which in turn supports the State's policy of encouraging negotiations and settlements.[2]

Subsection (b) of OCGA § 9-11-68 provides, in relevant part:

> If a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment.[3]

As outlined above, the issue in this appeal is not whether Edwards is entitled to an award under OCGA § 9-11-68, but rather what that award should be. "It is

---

[1] *Cajun Contractors v. Peachtree Property Sub*, 360 Ga. App. 390, 401-402 (2) (a) (861 SE2d 222) (2021).

[2] (Citation and punctuation omitted.) *Shaha v. Gentry*, 359 Ga. App. 613, 614 (1) (859 SE2d 567) (2021).

[3] OCGA § 9-11-68 (b) (2).

well-settled that an award of attorney fees is to be determined upon evidence of the reasonable value of the professional services which underlie the claim for attorney fees."[4] Thus, the question is how such "reasonable value" must be calculated.

In *Georgia Department of Corrections v. Couch*, the plaintiff sought $92,475 in attorney fees under OCGA § 9-11-68, and he supported his request with evidence showing that his attorneys worked on the case for approximately 398 hours at a billing rate of $250 per hour.[5] The record also showed, however, that under the plaintiff's agreement with his attorneys, they had agreed to be compensated by a contingency fee of 40 percent of the final judgment. The trial court used the contingency fee agreement to calculate the amount it awarded: because the plaintiff recovered a final judgment of $123,855.65, the trial court awarded him $49,542 in attorney fees. On certiorari review, the Supreme Court concluded that this approach was erroneous. Specifically, the Court held that "the [trial] court erred in calculating what amount of attorney fees was reasonable based solely, as far as the record reflects, on [the contingency fee] agreement rather than on evidence of hours, rates, or other

---

[4] (Citation and punctuation omitted.) *Shaha*, 359 Ga. App. at 614.

[5] 295 Ga. 469, 483 (3) (a) (759 SE2d 804) (2014).

indications regarding the value of the attorneys' professional services actually rendered."[6]

Consistent with the Supreme Court's guidance in *Couch*, in several cases where the plaintiff sought an award based on his contingency fee agreement but the amount due under that agreement was *higher* than would have been incurred under hourly billing, we affirmed the trial court's decision to enter an award that was *lower* than the contingency fee.[7] In those cases, we emphasized that when calculating the amount of reasonable attorney fees, the trial court properly considers evidence of the number of hours worked by the attorneys, the attorneys' hourly rates, and other indications of the value of the professional services the attorneys actually rendered.[8]

---

[6] Id. at 484 (3) (a).

[7] See *Cajun*, 360 Ga. App. at 404 (2), 407-408 (2) (c) (affirming award of $1,050,000 as "within the range of the evidence" where plaintiff sought $2,080,000 based on the contingency fee agreement but hourly billing would have resulted in fees of $350,000); *Khalia, Inc. v. Rosebud*, 353 Ga. App. 350, 355-356 (3) (836 SE2d 840) (2019) (physical precedent only) (affirming award of $140,951.17 where contingency fee agreement would have generated a fee of $442,855.13 and hourly billing would have resulted in fees of $50,000, emphasizing that the trial court reduced the award from the amount sought by the plaintiff because it found that some of the fees evidenced by the plaintiff's attorneys were not reasonable).

[8] See *Cajun*, 360 Ga. App. at 408 (2) (c).

Here, as outlined above, Edwards's request for $165,165 in attorney fees was based on the number of hours her attorneys worked on the case and their hourly billing rates. As in *Couch*, Edwards supported her request for OCGA § 9-11-68 attorney fees with evidence showing the number of hours her attorneys worked on the case and the rates at which they billed. The trial court did not find any of the evidence Edwards submitted in support of her request to be inaccurate. Additionally, the trial court did not find any of the hourly rates sought by Edwards's attorneys to be unreasonable. Nonetheless, instead of using the amount sought by Edwards as the starting point for its analysis, the trial court used the amount that would have been generated by her contingency fee arrangement. Under *Couch*, this approach was erroneous.

In its order, the trial court expressly found a contingency fee agreement to be "standard[,]" and the court concluded that an award of $6,800 was "fair because it compensate[d Edwards]'s attorneys in an amount they anticipated when they entered the contract with [Edwards.]" The trial court further found that Edwards's requested amount of $165,165 (based on the amount of hours her attorneys worked on the case) was "not reasonable" in light of the "value of the case" and the "routine and simple" nature of the parties' dispute. But while a 40 percent contingency fee may be a

standard arrangement for these types of cases, it does not follow that the amount generated by such an agreement will fairly reflect the value of the attorneys' services that were actually provided in any particular case. As our Supreme Court has observed, a contingency fee agreement "is a gamble for both the lawyer and the client, because the value of the professional services actually rendered by the lawyer may be considerably higher or lower than the agreed-upon amount, depending on how the litigation proceeds."[9]

The trial court correctly acknowledged that to calculate a reasonable amount of attorney fees, it was required to consider the number of hours Edwards's attorneys worked and the hourly rates they would have charged in an hourly billing scenario. Despite that acknowledgment, however, the trial court did not base its award on that evidence. Instead, the court considered that evidence only as "corroborat[ion]" that Edwards incurred at least $6,800 in attorney fees. Significantly, the trial court did not consider whether — given how Edwards's case against Higgins actually unfolded — Edwards's attorneys reasonably devoted the claimed amount of time and resources to the case.

---

[9] *Couch*, 295 Ga. at 484 (3) (a).

As our Supreme Court has explained, "an award of attorney fees and litigation expenses under OCGA § 9-11-68 (b) is properly understood as a sanction that requires the misbehaving party to pay the opposing party's resulting attorney fees and litigation expenses."[10] Thus, the "basic purpose [of the statute] would be thwarted if a party could escape the sanction whenever opposing counsel's compensation owed by his client is unaffected by the abuse, as when the fee arrangement is a contingency fee[.]"[11]

Finally, we address the trial court's statement that "[r]equiring [Higgins] to pay whatever amount of fees [Edwards]'s attorneys claim, regardless of the relationship of the fees to the amount of the verdict or the value of the case, perverts the purpose of OCGA § 9-11-68[]" because it would encourage plaintiffs' attorneys to over-litigate cases and generate higher fees. First, as we have observed, the amount of damages in dispute in a case often has no direct relationship to the amount of work that case will

---

[10] (Citation and punctuation omitted.) *Junior v. Graham*, 313 Ga. 420, 426 (2) (b) (870 SE2d 378) (2022).

[11] (Citation and punctuation omitted.) *Couch*, 295 Ga. at 484 (3) (a).

require.[12] Second, we clarify that by vacating the trial court's order and remanding this case, we are not deciding that Edwards is entitled to recover any specific amount of attorney fees her attorneys request. If the trial court finds, for example, that the number of hours claimed to have been worked by Edwards's attorneys was inaccurate, or that their billing rates were unreasonable, or that the award sought by Edwards was unreasonable for some reason other than solely its relationship to the amount that would have been generated by her contingency fee arrangement, the court must limit its award to only the reasonable amount. We are merely ruling that, instead of basing its calculation of a reasonable award solely on the contingency fee agreement, the trial court must also evaluate "evidence of hours, rates, or other indications regarding the value of the attorneys' professional services actually rendered."[13]

For the foregoing reasons, we conclude that the trial court abused its discretion when calculating the amount of its OCGA § 9-11-68 award. We therefore vacate the

---

[12] *Kennison v. Mayfield*, 359 Ga. App. 52, 66 (2) (b) (856 SE2d 738) (2021) (physical precedent only).

[13] See *Couch*, 295 Ga. at 484 (3) (a) (remanding case because the trial court based its calculation of reasonable attorney fees solely on "[the contingency fee] agreement rather than on evidence of hours, rates, or other indications regarding the value of the attorneys' professional services actually rendered[]").

9

trial court's decision and remand the case for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. Hodges, J., concurs. Doyle, P.J. concurs fully and specially.*

# In the Court of Appeals of Georgia

A24A0989. EDWARDS v. HIGGINS.

DOYLE, Presiding Judge, concurring fully and specially.

I agree that the trial court erred by failing to adequately account for the "evidence of hours, rates, or other indications regarding the value of the attorneys' professional services actually rendered."[1] But I write separately to question whether "an award of attorney fees and litigation expenses under OCGA § 9-11-68 (b) [should

---

[1] *Ga. Dept. of Corrections v. Couch*, 295 Ga. 469, 484 (3) (a) (759 SE2d 804) (2014).

be] properly understood as a sanction."[2] To the contrary, my view is succinctly captured in a United States District Court order examining Georgia law on this issue:

> The object of the analysis in a § 9-11-68 case is to determine the value of additional work an attorney did after an offer of settlement was rejected. The inquiry is necessarily tied to time. The fact that the lawyer will receive a contingent fee, while relevant to this inquiry, is not conclusively probative of the value of the hours. Rather, it should be a factor to be considered in determining what that value is. *Because § 9-11-68 is not a sanction for bad conduct but is an incentive to encourage settlement*, having the fee calculation be tied to the work resulting from the rejection of the offer is consistent with the goal of the statute. The idea is that the party is paying for the extra work required because of the rejection of the offer by that party.[3]

Thus, OCGA § 9-11-68 (b) creates an incentive to settle, but it does not do so in terms of identifying misconduct by the rejecting party that is sanctionable or otherwise improper.[4] Litigation outcomes are often unpredictable, and it is not

---

[2] *Junior v. Graham*, 313 Ga. 420, 426 (2) (b) (870 SE2d 378) (2022).

[3] (Emphasis supplied.) *Holland v. Cypress Ins. Co.*, 2022 U.S. Dist. LEXIS 169220, at *21-22 (N.D. Ga., September 12, 2022) (persuasive authority only).

[4] I recognize that the Georgia Supreme Court has characterized the rejection of a § 9-11-68 (b) offer as "inappropriate" conduct or "misbehavi[or]," *Junior*, 313 Ga. at 426 (2) (b), quoting *Couch*, 295 Ga. at 480-481 (2) (b). But the statute only speaks to the good faith of *the offer*; it says nothing about bad faith with respect to the

misconduct per se for a party to decline an offer of settlement and later learn that they undervalued or overvalued the case.[5] Therefore, I am reluctant to characterize the award in OCGA § 9-11-68 (b) as a sanction for misconduct.

Put simply, the attorney fee award under OCGA § 9-11-68 (b) is triggered by the math, not by a finding of misconduct or bad faith on the part of the party declining a settlement offer. Accordingly, the amount of such an attorney fee award, as explained in *Couch*, is determined by considering the contingency agreement along with the "evidence of hours, rates, or other indications regarding the value of the attorneys' professional services *actually rendered*" after the offer of settlement was rejected.[6]

---

rejection. See OCGA § 9-11-68 (d) (2) ("If a party is entitled to costs and fees pursuant to the provisions of this Code section, the court may determine that an offer was not made in good faith in an order setting forth the basis for such a determination. In such case, the court may disallow an award of attorney's fees and costs.").

[5] OCGA § 9-11-68 is premised on a valuation differential of 25 percent between an offer and a verdict. But the fact that a defendant believes a case is worth $10,000 (and declines a settlement offer of $15,000), and a jury decides it is worth $20,000, is not *necessarily* evidence of misconduct by the defendant. The defendant was simply off by $10,000 in its valuation of the case.

[6] (Emphasis supplied.) *Couch*, 295 Ga. at 484 (3) (a).

3